## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

MONTGOMERY BLAIR SIBLEY,

PLAINTIFF,

vs.

STEVEN BREYER, RUTH BADER GINSBURG, ANTHONY KENNEDY, SANDRA DAY O'CONNOR, ANTONIN SCALIA, DAVID SOUTER, JOHN PAUL STEVENS, CLARENCE THOMAS, GERALD BARD TJOFLAT, JOEL F. DUBINA AND PHYLLIS A. KRAVITCH,

DEFENDANTS.
_____/

CASE NO.:

**COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, Montgomery Blair Sibley, sues Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens, Clarence Thomas, Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch and alleges:

### JURISDICTION AND VENUE

1.  By this lawsuit, Plaintiff seeks damages of more than Seventy-Five Thousand Dollars ($75,000) against Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens, Clarence Thomas, Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch personally for violation of Plaintiff's common law and statutory rights to an impartial tribunal.

2.  Jurisdiction of this Court is invoked pursuant to the provisions of Article III of the United States Constitution and 28 U.S.C. §1331.

3.  Venue in this district is proper under and 28 U.S.C. §1391(e)(2) as a substantial part of the events or omissions giving rise to the claims herein occurred in District of Columbia.

### PARTIES

4. Plaintiff Montgomery Blair Sibley is a resident and citizen of the United States and the State of Maryland.

5. Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas are Justices of United States Supreme Court and are sued in their personal capacities.

6. Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch are Judges of the United States Court of Appeals for the Eleventh Circuit and are sued in their personal capacities.

### GENERAL ALLEGATIONS

7. On July 9, 2004, Plaintiff filed a Complaint against (i) the United States Supreme Court, (ii) the United States Court of Appeals for the Eleventh Circuit, (iii) Steven Breyer, (iv) Ruth Bader Ginsburg, (v) Anthony Kennedy, (vi) Sandra Day O'Connor, (vii) William Rehnquist, (viii) Antonin Scalia, (ix) David Souter, (x) John Paul Stevens and (xi) Clarence Thomas in the United States District Court for the Southern District of Florida. That matter was assigned Case Number: 04-21698-Civ-King.

8. The Complaint's first seven counts sought declaratory relief against the United States Supreme Court and the United States Court of Appeals for the Eleventh Circuit claiming that those courts had violated Plaintiff's rights secured under the United States Constitution and Federal Statutes by: (i) enacting and/or employing the *Rooker-Feldman* and *Younger* doctrines, (ii) enacting and/or employing Rules of the United States Supreme Court - Rule 10, (iii) ignoring the common law requirements of *Stare Decisis* and (iv) enacting and/or employing Rule 36-2 of the United States Court of Appeal for the Eleventh Circuit. Second, the Complaint's remaining four counts sought

damages personally against Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas for refusing to review Supreme Court Cases Numbered: 00-1921, 03-1205, 03-1544, 03-370, 03-682, 03-1430 filed by Plaintiff, resulting in their (i) violation of the Rules Enabling Act, (ii) committing a Florida State Pendant State Law Claim for Perversion of Justice, (iii) committing negligence in discharging their constitutional obligations and (iv) committing treason for declining the exercise of jurisdiction which was given to them.

9. On October 13, 2004, the District Court dismissed the Complaint in Case Number: 04-21698-Civ-King on two grounds. First, as to the claims directed to the United States Supreme Court and the Eleventh Circuit Court of Appeals for declaratory relief, the District Court held: "The effect of the FCIA was to legislatively reverse *Pulliam* and limit the injunctive relief available against officers. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) . Since the Defendants have not violated a declaratory decree, judicial immunity applies to the instant action." Second, as to the individual Defendants, the District Court held that "It is well established that generally a judge is absolutely immure from suit for money damages. . . .  As such, the [Appellant] is barred from seeking monetary damages from [Appellees] in the instant action."

10. Plaintiff timely filed a notice of appeal on October 18, 2004, to the United States Court of Appeals for the Eleventh Circuit which appeal was assigned Case Number: 04-15501.

11. On June 10, 2005, in Case Number: 04-15501 Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch (i) denied Plaintiff's motion to disqualify them made pursuant to 28 U.S.C. §455(a) and §455(b)(5)(i) and (ii) entered an opinion in Case Number: 04-15501 affirming the District Court's decision in Case Number: 04-21698-Civ-King.

12.     On October 11, 2005, Plaintiff timely file a Petition for Writ of Certiorari of Case Number: 04-15501 with the United States Supreme Court which was assigned Case Number: 05-459.

13.     On November 14, 2005, Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas entered an order in Case Number: 05-459 denying the Petition for Writ of Certiorari.

14.     The Ninth Amendment to the United States Constitution states, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  Among those rights is the doctrine of *nemo judex in parte sua* made applicable to federal judges under the Ninth Amendment.  Along with the doctrine of *audi alteram partem*, these principles of natural justice were derived from the Romans who believed that some legal principles were "natural" or self-evident and did not require a statutory basis.  As such, they are indelibly imbedded in the common law and may not be disparaged by Constitutional actors without doing violence to the protections provided by the Ninth Amendment to the people.

15.     Disqualification of judges is additionally governed by federal statute found at 28 U.S.C. §455(b)(5)(i) – "Disqualification of justice, judge, or magistrate judge." That section requires that a justice or judge <u>shall</u> disqualify himself when: "He . . . is a party to the proceeding, or an officer, director, or trustee of a party."  Additionally, pursuant to 28 U.S.C. §455(e) " No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection [§455](b)".

16.     Moreover pursuant to 28 U.S.C. §455(a) "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might

reasonably be questioned."

17.     The Rules Enabling Act found at 28 U.S.C. §2072 " Rules of procedure and evidence; power to prescribe" states in pertinent part:

> (a)     The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.
>
> (b)     Such rules shall not abridge, enlarge or modify any substantive right.

### FIRST CLAIM

#### DEFENDANTS STEVEN BREYER, RUTH BADER GINSBURG, ANTHONY KENNEDY, SANDRA DAY O'CONNOR, ANTONIN SCALIA, DAVID SOUTER, JOHN PAUL STEVENS AND CLARENCE THOMAS
*TREASON*

18.     Plaintiff re-alleges paragraphs 1 through 17 and incorporates them herein by reference.

19.     Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas have no right to usurp jurisdiction that is not given to them by the United States Constitution or Congress. To do so is treason to the Constitution.

20.     By determining Case Number: 05-459 in which they were named party-defendants, Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas committed treason as they had no jurisdiction to decide Case Number: 05-459 by action of the Ninth Amendment of the United States Constitution and the common law doctrine of *nemo judex in parte sua.*

21.     As a result thereof, Plaintiff's suffered denial of the guaranteed right to a fair and impartial tribunal along with the cost of pursuing this action in order to establish this right.

WHEREFORE Plaintiff demands judgment for damages of more than Seventy-Five Thousand Dollars ($75,000) against Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas, jointly and severally, costs and such other and further relief as the Court deems equitable and just.

## SECOND CLAIM

### DEFENDANTS STEVEN BREYER, RUTH BADER GINSBURG, ANTHONY KENNEDY, SANDRA DAY O'CONNOR, ANTONIN SCALIA, DAVID SOUTER, JOHN PAUL STEVENS AND CLARENCE THOMAS
*COMMON LAW*

22.     Plaintiff re-alleges paragraphs 1 through 17 and incorporates them herein by reference.

23.     Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas have no jurisdiction to determine a matter brought before them when they are named party-defendants in such an action.

24.     By determining Case Number: 05-459 in which they were named party-defendants, Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas violated Plaintiff's rights secured by the Ninth Amendment of the United States Constitution and the doctrine of *nemo judex in parte sua.*

25.     As a result thereof, Plaintiff's suffered denial of the guaranteed right to a fair and

impartial tribunal along with the cost of pursuing this action in order to establish this right.

WHEREFORE Plaintiff demands judgment for damages of more than Seventy-Five Thousand Dollars ($75,000) against Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas, jointly and severally, costs and such other and further relief as the Court deems equitable and just.

### THIRD CLAIM

#### DEFENDANTS STEVEN BREYER, RUTH BADER GINSBURG, ANTHONY KENNEDY, SANDRA DAY O'CONNOR, ANTONIN SCALIA, DAVID SOUTER, JOHN PAUL STEVENS AND CLARENCE THOMAS
*STATUTORY RIGHT*

26. Plaintiff re-alleges paragraphs 1 through 17 and incorporates them herein by reference.

27. Plaintiff has a substantive right to have his legal matters decided by impartial judges as guaranteed by Congressional action found at 28 U.S.C. §455.

28. Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas have violated this right of Plaintiff by determining Case Number: 05-459 in which they were named party-defendants.

29. Such action by Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas is expressly prohibited under the Rules Enabling Act.

30. As a result thereof, Plaintiff's suffered denial of the guaranteed right to a fair and impartial tribunal along with the cost of pursuing this action in order to establish this right.

WHEREFORE Plaintiff demands judgment for damages of more than Seventy-Five Thousand Dollars ($75,000) against Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas, jointly and severally, costs and such other and further relief as the Court deems equitable and just.

### FOURTH CLAIM

#### DEFENDANTS GERALD BARD TJOFLAT, JOEL F. DUBINA AND PHYLLIS A. KRAVITCH
*COMMON LAW*

31. Plaintiff re-alleges paragraphs 1 through 17 and incorporates them herein by reference.

32. Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch have no jurisdiction to determine a matter brought before them when they are agents of a party-defendant in such a matter.

33. By determining Case Number: 04-15501, in which they were agents of a named party-defendant, Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch violated Plaintiff's rights secured by the Ninth Amendment of the United States Constitution and the doctrine of *nemo judex in parte sua.*

34. As a result thereof, Plaintiff's suffered denial of the guaranteed right to a fair and impartial tribunal along with the cost of pursuing this action in order to establish this right.

WHEREFORE Plaintiff demands judgment for damages of more than Seventy-Five Thousand Dollars ($75,000) against Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch , jointly and severally, costs and such other and further relief as the Court deems equitable

and just.

## FIFTH CLAIM

**DEFENDANTS GERALD BARD TJOFLAT, JOEL F. DUBINA AND PHYLLIS A. KRAVITCH**
*STATUTORY RIGHT*

35. Plaintiff re-alleges paragraphs 1 through 17 and incorporates them herein by reference.

36. Plaintiff has a substantive right to have his legal matters decided by impartial judges as guaranteed by Congressional action found at 28 U.S.C. §455.

37. Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch have violated this right of Plaintiff by determining Case Number: 04-15501 in which they were agents of a named party-defendant.

38. Such action by Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch is expressly prohibited under the Rules Enabling Act.

39. As a result thereof, Plaintiff's suffered denial of the guaranteed right to a fair and impartial tribunal along with the cost of pursuing this action in order to establish this right.

WHEREFORE Plaintiff demands judgment for damages of more than Seventy-Five Thousand Dollars ($75,000) against Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch, jointly and severally, costs and such other and further relief as the Court deems equitable and just.

## SIXTH CLAIM

### DEFENDANTS GERALD BARD TJOFLAT, JOEL F. DUBINA AND PHYLLIS A. KRAVITCH
### *TREASON*

40. Plaintiff re-alleges paragraphs 1 through 17 and incorporates them herein by reference.

41. Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch have no right to usurp jurisdiction that is not given to them by the United States Constitution or Congress. To do so is treason to the Constitution.

42. By determining Case Number: 04-15501 in which they were agents of a named party-defendant, Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch committed treason as they had no jurisdiction to decide Case Number: 04-15501 by action of the Ninth Amendment of the United States Constitution and the common law doctrine of *nemo judex in parte sua*.

43. As a result thereof, Plaintiff's suffered denial of the guaranteed right to a fair and impartial tribunal along with the cost of pursuing this action in order to establish this right.

WHEREFORE Plaintiff demands judgment for damages of more than Seventy-Five Thousand Dollars ($75,000) against Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch , jointly and severally, costs and such other and further relief as the Court deems equitable and just.

Plaintiff demands a Jury Trial on all issues raised herein.

**MONTGOMERY BLAIR SIBLEY**
*In Proper Per*
50 West Montgomery Avenue, Suite B-4
Rockville,  MD 20850-4216
Voice/Fax:     (202) 478-0371


By: _____
    Montgomery Blair Sibley
    D.C. Bar #464488
