UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONTGOMERY BLAIR SIBLEY,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-107 (RMC) |
| **STEVEN BREYER, et al.** | ) |
| Defendants. | ) |

**CORRECTED
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Montgomery Blair Sibley filed this action on March 16, 2005, alleging that the Justices of the Supreme Court and three judges on the United States Court of Appeals for the Eleventh Circuit violated his right to an impartial tribunal in an earlier civil action. Plaintiff alleges that Defendants should have recused themselves from participation in his earlier action because they were named as defendants in that case. He seeks $75,000 in damages.

The Complaint should be dismissed in its entirety. As explained in detail below, the Federal Tort Claims Act (FTCA) is the exclusive remedy for claims for money damages against federal employees, such as these defendants, who are acting within the scope of their employment. Thus, to the extent that Plaintiff seeks to sue Defendants in an official capacity, the FTCA mandates that the United States be substituted as the sole defendant in this action. Once the United States is substituted as the sole defendant, all claims against it should be dismissed because Plaintiff has not complied with the requirement that an administrative claim be filed and resolved prior to filing a civil action. To the extent that the complaint may be read to assert claims against these defendants

in an individual capacity, the defendants are entitled to absolute judicial immunity. Finally, Plaintiff has not properly served any of the Defendants.

## STATEMENT OF FACTS

In 2004, Plaintiff Montgomery Blair Sibley filed a civil action in the United States District Court for the Southern District of Florida against the Supreme Court, each of the Justices, and the United States Court of Appeals for the Eleventh Circuit. See Sibley v. United States Supreme Court, Civ. Action No. 04-21698 (S.D. Fla. Oct. 13, 2004) (attached hereto as Exhibit 1). Plaintiff alleged primarily that the defendants in that action violated his constitutional rights when they adjudicated prior civil actions instituted by Plaintiff relating to a domestic relations and child custody dispute. Id. The district court dismissed that action in October 2004. The Eleventh Circuit affirmed in June 2005, and the Supreme Court denied *certiorari* in November 2005. See Exhibits 2 & 3.

Plaintiff filed the instant civil action on January 18, 2006. In his complaint, Plaintiff describes the nature and disposition of his earlier action in the Southern District of Florida, the Eleventh Circuit, and the Supreme Court. See Compl. at ¶¶ 7-13. He then asserts that Defendants were obligated under 28 U.S.C. § 455 and the Ninth Amendment to recuse themselves from any participation in the prior action because they were named as defendants in it. See Complaint, at ¶¶ 14-43. In addition to claiming violations of § 455 and the Ninth Amendment, Plaintiff claims that Defendants' actions constituted treason. Id.

# ARGUMENT

## I. Standard for Motion to Dismiss

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court is to treat the Complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiffs "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Applying these standards demonstrates that Plaintiff's Complaint should be dismissed.

## II. To the Extent Plaintiff Seeks Relief from Defendants in an Official Capacity, the Complaint Must Be Dismissed Pursuant to the FTCA.[1]

The Federal Tort Claims Act is the exclusive remedy to obtain money damages arising from the negligent or wrongful act of any federal employee acting within the scope of employment. See 28 U.S.C. § 2679(b)(1). Where the Attorney General or his designee certifies that an individual

---

[1] Because Plaintiff has failed properly to serve the named Defendants, Counsel for the Defendants does not represent them, but represents the interests of the United States. Notwithstanding, as is discussed below, the Court may resolve Plaintiff's claims.

defendant was acting within the scope of his or her federal employment at the time of the incident in question, the civil action is deemed one against the United States under the FTCA, and the United States is substituted as the defendant. See 28 U.S.C. § 2679(d)(1). The Chief of the Civil Division of the United States Attorney's Office has been designated by the Attorney General as qualified to makes such certifications. See Exhibit 4. Because the Chief of the Civil Division has certified that all of the defendants in this action were acting within the scope of their federal employment at the time of the incidents in question here, see Exhibit E, the United States must be substituted as the sole defendant with respect to official capacity claims raised in this action.

Once the United States is substituted, all claims against it must be dismissed. Prior to instituting a civil action under the FTCA, a plaintiff must file an administrative claim with the relevant federal agency and have that claim denied in writing. See 28 U.S.C. § 2675(a). Presentment of an administrative claim is a jurisdictional prerequisite to suit under the FTCA. See, e.g., GAF Corporation v. United States, 818 F.2d 901, 905 (D.C. Cir. 1987). Plaintiff in this action makes no allegation that he has ever presented these claims to the Supreme Court, to the Eleventh Circuit, to the Administrative Office of the United States Courts, or to any other federal agency. For that reason alone, the complaint must be dismissed.

But even if Plaintiff had presented his claims administratively and they had been denied, his FTCA claims would still have to be dismissed. This is because the FTCA specifically provides that the United States is entitled "to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee…." See 28 U.S.C. 2674. In this case, all of the individuals named as defendants would be entitled to absolute judicial immunity. See, e.g., Pierson v. Ray, 386 U.S. 547, 553-54 (1967).

As the Supreme Court explained more than a century ago in Bradley v. Fisher, 13 Wall. 335, 351 (1872), "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or wantonly."  See also Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.").  The purpose of this judicial immunity is to protect the public, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson, 386 U.S. at 554.  Because there is no question that Defendants had jurisdiction to resolve Plaintiff's earlier civil action, it is clear that they are entitled to absolute judicial immunity from suits challenging their participation in it.  See, e.g., Moore v. Burger, 655 F.2d 1255 (D.C. Cir. 1981).

**III.    To the Extent Plaintiff Seeks Relief from Defendants in an Individual Capacity, the Complaint Also Must Be Dismissed Because all Defendants Have Absolute Immunity.**

Although the FTCA generally requires the substitution of the United States as the defendant for all claims against federal employees acting within the scope of employment, this substitution requirement does not apply to claims against the defendant in an individual capacity.  But to the extent that the complaint in this case asserts claims against these Defendants in an individual capacity, the doctrine of absolute judicial immunity, discussed above, represents an absolute bar to Plaintiff's claims.

**IV.     Plaintiff Has Failed Properly to Serve any of the Defendants.**

Federal Rule of Civil Procedure 4(i)(2) governs the requirements for service of the summons and complaint upon federal officials. When a federal official is sued only in an official capacity, the plaintiff must serve the summons and a copy of the complaint upon the United States Attorney, the Attorney General, and either the official or the agency in which the official is employed. See Rule 4(i)(2)(A). When an official is sued in an individual capacity, the plaintiff must effect service under Rule 4(i)(2)(A), and must also serve the official individually. See Rule 4(i)(2)(B). Plaintiff's failure to serve the summons and complaint as required by Rule 4(i)(2)(B) means that the complaint may also be dismissed pursuant to Rule 12(b)(2) and (5).[2]

The Court lacks personal jurisdiction over any federal official Plaintiff claims to be including in this action, in the absence of proper service.[3] It is well-established that in an action against a federal employee in an individual capacity, the individually-sued defendant must be served with process in accordance with rules applicable to individual defendants. See Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997); Lawrence v. Acree, 79 F.R.D. 669, 670

---

[2] While Plaintiff has attempted to effect service upon the Defendants, Defendants maintain that he has failed to do so properly pursuant to Fed. R. Civ. P. 4. Notwithstanding, Defendants recognize that, even in the absence of service, the Court may reach the merits of a Bivens claim, Simpkins v. District of Columbia Government, 108 F.3d 366, 370 (D.C. Cir. 1997), given the courts' and the individually sued defendants' substantial interest in the resolution of insubstantial Bivens claims.

[3] The Court of Appeals has held that pro se litigants should be given an opportunity to cure defects in service before their complaints are dismissed on that ground. See Moore v. Agency for Int'l Development, 994 F.2d 874 (D.C. Cir. 1993). However, because of the number of defects or defenses, which are clearly fatal to Plaintiff's entire case, affording Plaintiff more time to effect proper service would be pointless.

(D.D.C. 1978); <u>Navy, Marshall & Gordon v. U.S. International Development-Corporation Agency</u>, 557 F. Supp. 484, 489 (D.D.C. 1983); <u>Delgado v. Bureau of Prisons</u>, 727 F. Supp. 24 (D.D.C. 1989).

Rule 4, Fed. R. Civ. P., requires that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. Service on the Attorney General of the United States and the United States Attorney for the district in which the action is brought, pursuant to the rules applicable to official capacity suits, "does not obviate the requirement of personal service . . . where the action is in substance against a federal official in his individual capacity." <u>Lawrence</u>, 79 F.R.D. at 670; <u>Delgado</u>, 727 F. Supp. at 27.

## **CONCLUSION**

WHEREFORE, Defendant respectfully submits that Defendants' motion to dismiss should be granted.

Respectfully submitted,

/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

## CERTIFICATE OF SERVICE

I hereby certify that the accompanying Defendants' Corrected Memorandum of Points and Authorities in Support of their Motion to Dismiss were served upon Plaintiff, *Pro se*, by the Electronic Court Filing System, to the extent that he has access, and by mail, postage prepaid, addressed as follows:

Montgomery Blair Sibley
50 West Montgomery Ave.
Suite B-4
Rockville, MD 20850-4216

on this 4th day of April, 2006.

                                                 /s/
                           OLIVER W. MCDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739