## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

MONTGOMERY BLAIR SIBLEY,

        PLAINTIFF,

vs.

STEVEN BREYER, RUTH BADER GINSBURG,
ANTHONY KENNEDY, SANDRA DAY
O'CONNOR, ANTONIN SCALIA, DAVID
SOUTER, JOHN PAUL STEVENS, CLARENCE
THOMAS, GERALD BARD TJOFLAT, JOEL F.
DUBINA AND PHYLLIS A. KRAVITCH,

        DEFENDANTS.

_____/

CASE NO.:1:06-CV-107
Judge: Rosemary M. Collyer

PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS

Plaintiff, Montgomery Blair Sibley, by and through his undersigned counsel, responds to Defendants' Motion to Dismiss as follows:

### SUMMARY OF ARGUMENT

Plaintiff's claims arise under the holding in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), making the Federal Tort Claims Act inapplicable. Moreover, the judicially-created doctrine of "judicial immunity" is anything but "absolute" and in all events is not applicable here as the Defendants were constitutionally and statutorily <u>without</u> jurisdiction to determine Plaintiff's matter, hence they were stripped of such immunity. Last, in the interim between the filing of the Defendants' motion to dismiss, Plaintiff has perfected service upon the Defendants rendering Defendants' arguments of imperfect service moot.

Accordingly, Defendants' motion to dismiss must be denied.

B<small>ACKGROUND</small>

On July 9, 2004, Plaintiff filed a Complaint against (i) the United States Supreme Court, (ii) the United States Court of Appeals for the Eleventh Circuit, (iii) Steven Breyer, (iv) Ruth Bader Ginsburg, (v) Anthony Kennedy, (vi) Sandra Day O'Connor, (vii)William Rehnquist, (viii) Antonin Scalia, (ix) David Souter, (x) John Paul Stevens and (xi) Clarence Thomas in the United States District Court for the Southern District of Florida. That matter was assigned Case Number: 04-21698-Civ-King.

That Complaint's first seven counts sought declaratory relief against the United States Supreme Court and the United States Court of Appeals for the Eleventh Circuit claiming that those courts had violated Plaintiff's rights secured under the United States Constitution and Federal Statutes by: (i) enacting and/or employing the *Rooker-Feldman* and *Younger* doctrines, (ii) enacting and/or employing Rules of the United States Supreme Court - Rule 10, (iii) ignoring the common law requirements of *Stare Decisis* and (iv) enacting and/or employing Rule 36-2 of the United States Court of Appeal for the Eleventh Circuit. Second, the Complaint's remaining four counts sought damages personally against Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas ("Supreme Court Defendants") for refusing to review Supreme Court Cases Numbered: 00-1921, 03-1205, 03-1544, 03-370, 03-682, 03-1430 filed by Plaintiff, resulting in their (i) violation of the Rules Enabling Act, (ii) committing a Florida State Pendant State Law Claim for Perversion of Justice, (iii) committing negligence in discharging their constitutional obligations and (iv) committing treason for declining the exercise of jurisdiction which was given to them.

On October 13, 2004, the District Court dismissed the Complaint in Case Number: 04-21698-

2

Civ-King on two grounds Plaintiff timely filed a notice of appeal on October 18, 2004, to the United States Court of Appeals for the Eleventh Circuit which appeal was assigned Case Number: 04-15501.

On June 10, 2005, in Case Number: 04-15501 Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch ("11th Circuit Defendants") (i) denied Plaintiff's motion to disqualify them made pursuant to 28 U.S.C. §455(a) and§455(b)(5)(i) and (ii) entered an opinion in Case Number: 04-15501 affirming the District Court's decision in Case Number: 04-21698-Civ-King.

On October 11, 2005, Plaintiff timely file a Petition for Writ of Certiorari of Case Number: 04-15501 with the United States Supreme Court which was assigned Case Number: 05-459.

On November 14, 2005, the Supreme Court Defendants entered an order in Case Number: 05-459 denying the Petition for Writ of Certiorari.

## LEGAL ARGUMENT

### I. THE FEDERAL TORT CLAIMS ACT IS INAPPLICABLE TO PLAINTIFF'S CAUSES OF ACTION

Not every suit against a federal employee falls under the aegis of the Federal Tort Claims Act ("FTCA"). Here, much as Defendants wish to pigeon-hole Plaintiff's claims into that Act's restrictions, a review of those claims demonstrate that the FTCA is not applicable. Hence, Defendants' motion in this regard must be denied.

### A. THE FTCA IS NOT THE "EXCLUSIVE REMEDY" FOR CLAIMS AGAINST FEDERAL EMPLOYEES

Defendants claim that the FTCA "is the exclusive remedy for claims for money damages against federal employees, such as these defendants, who are acting within the scope of their employment." (Defendants' Memorandum, p. 1). Simply put, Defendants' statement is wrong.

3

Starting with *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court made it very clear that there was vindication of constitutional rights through the federal courts <u>outside</u> the FTCA. "Having concluded that petitioner's complaint states a cause of action under the Fourth Amendment, supra, at 390—395, we hold that petitioner is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment." *Bivens* at 397.

Moreover, in the FTCA itself, Congress at 28 U.S.C. §2679(b)(2) exempted the exclusive remedy provision of §2679(b)(1) when it stated: "paragraph (1) does not extend or apply to a civil action against an employee of the Government- (A) which is brought for a violation of the Constitution of the United States, or (B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized."

Finally, recognized in *Carlson v. Green*, 446 U.S. 14, 23 (1980) was that: "Plainly FTCA is not a sufficient protector of the citizens' constitutional rights, and without a clear congressional mandate we cannot hold that Congress relegated respondent exclusively to the FTCA remedy."

Hence here, if Plaintiff's claims arise under either (i) a violation of th Constitution or (ii) a "statute of the United States under which such action against an individual is otherwise authorized", the FTCA does <u>not</u> apply. A review of the Plaintiff's claims reveal that both exceptions are applicable.

Plaintiff brings three causes of action. First, for "Judicial Treason" for usurping jurisdiction not granted to them by the Constitution. (Counts I and VI). Second, for Constitutional violations

under the Ninth and Fifth Amendments[1]. (Counts II and IV).  Last, for statutory violations of 28

U.S.C. §455. (Counts III and V).

### B.     PLAINTIFF PROPERLY PLEADS *BIVENS* CAUSES OF ACTIONS

The genesis of a *Bivens* cause of action is grounded in the notion that:

> Accordingly, as our cases make clear, the Fourth Amendment
> operates as a limitation upon the exercise of federal power regardless
> of whether the State in whose jurisdiction that power is exercised
> would prohibit or penalize the identical act if engaged in by a private
> citizen. It guarantees to citizens of the United States the absolute right
> to be free from unreasonable searches and seizures carried out by
> virtue of federal authority. And 'where federally protected rights have
> been invaded, it has been the rule from the beginning that courts will
> be alert to adjust their remedies so as to grant the necessary relief.

*Bivens* at 392.  Here, Plaintiff claims that two Constitutionally protected rights have been invaded

by Defendants and hence Plaintiff is entitled to "remedies so as to grant the necessary relief."

### 1.     DEFENDANTS VIOLATED PLAINTIFF'S FIFTH AMENDMENT DUE PROCESS RIGHTS

Plaintiff claims under the Fifth Amendment an "absolute right" to an impartial tribunal.  "The

Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and

criminal cases. This requirement of neutrality in adjudicative proceedings safeguards the two central

concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the

promotion of participation and dialogue by affected individuals in the decision making process."

*Marshall v. Jerrico* 446 U.S. 238, 242 (1980).   As such, the Fifth Amendment acts as a " limitation

upon the exercise of federal power" – to wit, judges sitting as adjudicators in cases in which they are

---

[1]     To the extent the Fifth Amendment is not mentioned in the Complaint, Plaintiff would
exercise his right to amend *nunc pro tunc* to include that claim as well for Defendants violation of
Plaintiff's right to an impartial tribunal secured under the Fifth Amendment.

named defendants.

Here, by acting as judges of cases in which they were named defendants, the Defendants-here have violated Plaintiff's right to an impartial tribunal recognized in *Marshall.* As such, Plaintiff has stated a *Bivens* cause of action against them and the FTCA does not apply.

2.     **DEFENDANTS VIOLATED PLAINTIFF'S NINTH AMENDMENT FUNDAMENTAL RIGHTS**

The Ninth Amendment to the United States Constitution states, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

The extent of those rights was detailed in *Griswold v. Connecticut*, 381 U.S. 479, 484 (1965) in Justice Goldberg's concurrence:

> While the Ninth Amendment—and indeed the entire Bill of Rights—originally concerned restrictions upon federal power, the subsequently enacted Fourteenth Amendment prohibits the States as well from abridging fundamental personal liberties. And, the Ninth Amendment, in indicating that not all such liberties are specifically mentioned in the first eight amendments, is surely relevant in showing the existence of other fundamental personal rights, now protected from state, as well as federal, infringement. In sum, the Ninth Amendment simply lends strong support to the view that the 'liberty' protected by the Fifth And Fourteenth Amendments from infringement by the Federal Government or the States is not restricted to rights specifically mentioned in the first eight amendments.

Similarly, in *Palko v. Connecticut*, 302 U.S. 319, 325, 326 (1937), it was said that this category of fundamental rights includes those fundamental liberties that are "implicit in the concept of ordered liberty," such that "neither liberty nor justice would exist if [they] were sacrificed." A different description of fundamental rights appeared in *Moore v. East Cleveland*, 431 U.S. 494, 503,(1977) where they are characterized as those liberties that are "deeply rooted in this Nation's history and

6

tradition."

Thus, among those rights "retained by the people" is the doctrine of *nemo judex in parte sua* made applicable to federal judges under the Ninth Amendment.

As expressly recognized in *In re Murchison*, 349 U.S. 133, 136 (1955), "But our system of law has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome."

This right however clearly pre-dates the Constitution and was recognized – and thus preserved – by the Ninth Amendment as a fundamental right. Indeed, *nemo judex in parte sua* is more than a Constitutional right: it is a <u>fundamental</u> right. "Unquestionably it is a fundamental principle that no man shall be judge in his own case." *Duncan v. McCall* 139 U.S. 449, 454 (1891). *See also*: Publius Syrus (42 B.C.), *Moral Sayings* 51, (D. Lyman translation, 1856) ("No one should be judge in his own cause."); Blaise Pascal (1623-1662), *Thoughts, Letters and Opuscules* 182 (O. Wight translation 1859) ("It is not permitted to the most equitable of men to be a judge in his own cause."); 1 W. Blackstone (1765), Commentaries 91 ("[I]t is unreasonable that any man should determine his own quarrel.")

As such, being indelibly imbedded in the common law, *nemo judex in parte sua* may not be disparaged by Constitutional actors without doing violence to the protections reserved by the Ninth Amendment to the people.

Therefore, *nemo judex in parte sua* is a right preserved under the Ninth Amendment which was violated by Defendants here in determining Plaintiff's matter in which they were named Defendants. As such, the Ninth Amendment similar to the "the Fourth Amendment operates as a

limitation upon the exercise of federal power." Thus it "guarantees to citizens of the United States the absolute right to be free" from federal judges who would judge their own case. Accordingly, Plaintiff has a *Bivens* cause of action against the Defendants for Plaintiff's "federally protected rights have been invaded" and this Court must "grant the necessary relief." Accordingly, the FTCA is not a bar to this suit.

### C.    STATUTORY CAUSES OF ACTION

Last, Plaintiff's claims for statutory violations of 28 U.S.C. §455 in Counts III and V are likewise exempt from the FTCA at 28 U.S.C. §2679(b)(2)(B) when suit is "brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized."

At 28 U.S.C. §455 – "Disqualification of justice, judge, or magistrate judge" a justice or judge <u>shall</u> disqualify himself when: "He . . . is a party to the proceeding, or an officer, director, or trustee of a party." Additionally, pursuant to 28 U.S.C. §455(e) " No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection [§455](b)".

In order to determine whether 28 U.S.C. §455 is a statute "under which such action against an individual is otherwise authorized", the four factor test enunciated in *Cort v. Ash*, 422 U.S. 66, 78 (1975), is applicable. In *Cort*, the Court held:

> In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff 'one of the class for whose especial benefit the statute was enacted,' *Texas & Pacific R. Co. v. Rigsby*, 241 U.S. 33, 39, 36 S.Ct. 482, 484, 60 L.Ed. 874 (1916) (emphasis supplied)—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create

such a remedy or to deny one? *See, e.g., National Railroad Passenger Corp. v. National Assn. of Railroad Passengers*, 414 U.S. 453, 458, 460, 94 S.Ct. 690, 693, 694, 38 L.Ed.2d 646 (1974) (Amtrak). Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? *See, e.g., Amtrak, supra; Securities Investor Protection Corp. v. Barbour*, 421 U.S. 412, 423, 95 S.Ct. 1733, 1740, 44 L.Ed.2d 263 (1975); *Calhoon v. Harvey*, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law.

Applying these four factors to 28 U.S.C. §455 it is clear that an action against a judge for violation of that section is authorized.

### 1.   PLAINTIFF IS ONE OF THE CLASS FOR WHOSE ESPECIAL BENEFIT THE STATUTE WAS ENACTED

Here, the class of people for whom 28 U.S.C. §455 was enacted is plain:  litigants in a suit where the judicial officer assigned to the matter  "is a party to the proceeding, or an officer, director, or trustee of a party."  Certainly, 28 U.S.C. §455 wasn't enacted to protect the judicial officer but the litigant whose fate is in the hands of that officer.  Here, that person is Plaintiff and as such he satisfies the first factor of *Cort*.

### 2.   THE INDICATION OF LEGISLATIVE INTENT, EXPLICIT OR IMPLICIT, EITHER TO CREATE SUCH A REMEDY OR TO DENY ONE

Here, the legislative history of 28 U.S.C. §455 does not reveal an intent to create a remedy, but then neither does it foreclose such.  "Second, there is no indication whatever in the legislative history of § 610 which suggests a congressional intention to vest in corporate shareholders a federal right to damages for violation of § 610. True, in situations in which it is clear that federal law has granted a class of persons certain rights, it is not necessary to show an intention to create a private

cause of action, although an explicit purpose to deny such cause of action would be controlling." *Cort* at 82.

Given the fact here that Plaintiff has no alternative remedy to a suit for damages to enforce his rights expressly given to him by Congress in 28 U.S.C. §455, the equities favor permitting the private cause of action to protect Plaintiff.

### 3. IT CONSISTENT WITH THE UNDERLYING PURPOSES OF THE LEGISLATIVE SCHEME TO IMPLY SUCH A REMEDY FOR THE PLAINTIFF

To permit Plaintiff the remedy sought here against Defendants is consistent with the legislative scheme for how else can it be enforced?  Remarkably, Defendants here do not claim that they did not violate 28 U.S.C. §455.  Thus, having admitted that fact, Plaintiff is left without a remedy for the Defendants' violation of 28 U.S.C. §455 unless he is permitted to sue the Defendants personally in order to give teeth to 28 U.S.C. §455.  Otherwise, 28 U.S.C. §455 would be an aspiration for federal judges – not the law.  As such, Plaintiff satisfies the third factor of *Cort*.

### 4. PLAINTIFF'S CAUSE OF ACTION CANNOT BE RELEGATED TO STATE LAW AND IT IS APPROPRIATE TO INFER A CAUSE OF ACTION BASED SOLELY ON FEDERAL LAW

Simply put, the supremacy clause of the Constitution would prohibit a state from enacting a legislative scheme to hold personally liable federal judges in the exercise of their federal obligations.  As such, Plaintiff has no recourse in state court for this exclusively federal issue.

Thus, applying the four factors of *Cort* to the facts at issue, 28 U.S.C. §455 is a statute "under which such action against an individual is otherwise authorized" and hence Plaintiff's causes of action under Count III and IV are exempt from the FTCA at 28 U.S.C. §2679(b)(2)(B).

In sum, for these reasons, Defendants' motion to dismiss under the FTCA must be denied.

## II.    THE DEFENDANTS DO NOT ENJOY JUDICIAL IMMUNITY

Defendants next claim that "the doctrine of absolute judicial immunity, discussed above, represents an absolute bar to Plaintiff's claims." (Defendants' Memorandum, p. 5). For two reasons, the doctrine of judicial immunity is inapplicable here. First, Defendants were without jurisdiction to act in Plaintiff's matter. Second, public policy negates the doctrine in this instance.

### A.    THE CONSTITUTION AND CONGRESS GRANT – AND TAKE AWAY – A JUDGE'S JURISDICTION

The seminal case on "complete absence of jurisdiction" barring judicial immunity is *Bradley v. Fisher*, 80 U.S. 335, 352 (1872). In that case, the Court stated:

> Thus, if a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for public offences, jurisdiction over the subject of offences being entirely wanting in the court, and this being necessarily known to its judge, his commission would afford no protection to him in the exercise of the usurped authority.

*Accord:* "A judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The essence then of this doctrine is that a judge is immune if acting within granted jurisdiction and <u>not</u> immune when usurping jurisdiction not given.

Here, the courts on which Defendants sit admittedly had jurisdiction over Plaintiff's matters. However, the individual Defendants had by both Constitutional and Congressional action been precluded from exercising jurisdiction over Plaintiff's particular case. As such, by determining Plaintiff's case they were "usurping authority" withheld from them. Thus, the doctrine of judicial immunity is not applicable. As recognized in this circuit, "The judge is not liable for any injuries

resulting from acts within his jurisdiction, and jurisdiction is construed broadly so that a judge will not be held liable unless he acts without color of authority." *Clark v. Taylor*, 627 F.2d 284, 287 (D.C.Cir.1980). The Defendants in this case did <u>not</u> have "color of authority" when they acted. That authority had been expressly revoked by Congress at 28 U.S.C. §455 and implicitly by the Constitution in the Fifth and Ninth Amendments.

### B.    PUBLIC POLICY PRECLUDES JUDICIAL IMMUNITY

As a public policy rationale, "Judicial immunity apparently originated, in medieval times, as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error." *Forrester v. White*, 484 U.S. 219, 225 (1998).

Here, patently, the denial of *certiorari* by the Supreme Court Defendants was not a determination of the merits of Plaintiff's claims against them. *Maryland v. Baltimore Radio Show* 338 U.S. 912, 919 (1950)("Inasmuch, therefore, as all that a denial of a petition for a writ of certiorari means is that fewer than four members of the Court thought it should be granted, this Court has rigorously insisted that such a denial carries with it no implication whatever regarding the Court's views on the merits of a case which it has declined to review.")

As such, the public policy reasons for permitting a judicial immunity defense are vitiated when there is no other alternative than to proceed against the judicial actors to establish the wrongful nature of their acts. As noted in *Barnes v. Winchell*, 105 F.3d 1111, 1123 (6th Cir. 1997): "Finally, included in the absolute judicial immunity balance is the availability of alternate forums and methods, apart from a civil suit for damages, for litigants to protect themselves from the potential consequences of actions taken by a judge. *See Forrester*, 484 U.S. at 227, (emphasizing that a damages suit is not a litigant's only recourse: "Most judicial mistakes and wrongs are open to

12

correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.").

Here, Plaintiff has no "ordinary mechanisms of review" for the Defendants grotesque violation of 28 U.S.C. §455 and the Fifth and Ninth Amendments when they determined Plaintiff's case even though they were named parties to that case.

Accordingly, Public Policy considerations vitiate the judicially-created doctrine of judicial immunity. The alternative is to leave Plaintiff with a right – an impartial judiciary – without a concomitant remedy to enforce that right. Thus, Defendants' motion to dismiss based upon the doctrine of judicial immunity must be denied.

## III.    THE DEFENDANTS HAVE BEEN PROPERLY SERVED

Violating the spirit – if not the letter – of Federal Rules of Civil Procedure, Rule 4(d) – "Waiver of Service; Duty to Save Costs of Service; Request to Waive", Defendants maintain that "the Court lacks personal jurisdiction over any federal official Plaintiff claims to be including in this action in the absence of proper service." (Defendants' Memorandum, p. 6).

Regrettably for Defendants, on March 31, 2006, five days before the instant motion was served, Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas were personally served as evidenced by the affidavits of service filed contemporaneously with this Memorandum[2]. Moreover, as also required by Rule 4(i), copies of the summons and complaint were served on the Attorney General and the United States Attorney for the District of Columbia. As such, this Court has

---

[2]        Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch are likewise being personally served and the affidavits of service regarding them will be shortly filed with the Clerk.

13

personal jurisdiction over the Defendants and their motion to dismiss for lack of personal jurisdiction must be denied.

## CONCLUSION

Plaintiff has an inalienable right long established in pre-Constitutional law, enshrined in the Constitution and explicitly codified by Congress to have his legal matters decided by judges and justices not party to the suit. Defendants have admittedly violated that right and now stand before this Court to say that they can do so with impunity and deprive Plaintiff of any recourse for such a significant violation.

Such judicial arrogance – notwithstanding its source – cannot be tolerated. Unpalatable as it will be for this Court to rule in Plaintiff's favor in this matter, the plain fact cannot be avoided: No one is above the law. As more eloquently stated:

> Under our system of government, no officer is placed above the restraining authority of the law, which is truly said to be universal in its behests, all paying it homage, the least as feeling its care, and the greatest as not being exempt from its power.[3]

In sum, the FTCA is not a bar. Judicial Immunity is not available. Personal jurisdiction has been obtained. Consequently, Defendants' motion to dismiss must be denied.

---

[3]     *State of Ohio ex rel. v. Chase, Governor*, 5 Ohio State, 529.

14

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon Oliver W. McDaniel, Assistant United States Attorney, Civil Division, 555 Fourth Street, N.W., Washington, D.C. 20530 this April 11, 2006.

MONTGOMERY BLAIR SIBLEY
*In Proper Per*
50 West Montgomery Avenue, Suite B-4
Rockville,  MD 20850-4216
Voice/Fax:     (202) 478-0371


By:   /s/ Montgomery Blair Sibley
       Montgomery Blair Sibley
       D.C. Bar #464488

15