UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTGOMERY BLAIR SIBLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-107 (RMC) |
| ) | |
| STEVEN BREYER, *et al.* ) | |
| ) | |
| Defendants. ) | |

**MOTION TO STRIKE *PRO SE* PLAINTIFF'S APPEARANCE AS COUNSEL,
FOR A PROTECTIVE ORDER AS TO NOTICED DISCOVERY AND
TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION**

The Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully move to strike *Pro se* Plaintiff's appearance as counsel, pursuant to 28 U.S.C. § 1654, as Plaintiff has a right to appear *pro se* or to be represented by counsel, but does not have a right to hybrid representation, in part representing himself and in part serving as counsel for himself.  The Defendants also move, pursuant to Fed. R. Civ. P. 26(c), for a protective order to preclude requests for admission submitted and a deposition noticed by Plaintiff and move to stay discovery pending the Court's resolution of Defendants' pending dispositive motion, that is, their motion to dismiss filed on April 3, 2006.  Undersigned Counsel for the Defendants certifies that he has conferred with Plaintiff, *Pro se*, who refuses to accede to Defendants' requests.  As grounds for these motions, Defendants submit and rely on the following memorandum in support.

**Motion to Strike Appearance**

On April 11, 2006, Plaintiff filed a notice of appearance as counsel of record in this case for himself as a client and simultaneously filed a motion for attorney's fees.  While 28 U.S.C. § 1654

gives Plaintiff the right to represent himself or to have the representation of counsel, Plaintiff cannot simultaneously proceed both *pro se* and by representing himself as an attorney.  28 U.S.C. § 1654 (2003); see, e.g., United States v. Shea, 508 F.2d 82, 86 (5th Cir. 1975) ("Under [28 U.S.C. § 1654], [defendant] had a right to appear *pro se* or to be represented by counsel, but he did not have a right to a hybrid representation, partly by himself and partly by counsel."); In re Moody, 105 B.R. 368, 374 (S.D. Tex. 1989) (striking papers filed by party who was represented by counsel, court ruled "[a] party who appears by counsel has no right to personally conduct, or assist counsel in conducting the litigation of his case.").  Accordingly, Plaintiff's notice of appearance as counsel for himself should be stricken.

**Motions for a Protective Order and to Stay Discovery**

Notwithstanding the pending motion to dismiss in which Defendants challenged service of process and set forth an immunity defense, Plaintiff has delivered by mail to undersigned Counsel for the Defendants Requests for Admission directed to each of the nine Supreme Court Justices, who are named defendants, and a notice of deposition for Justice Clarence Thomas, scheduled for October 10, 2006, with a service date of September 11, 2006.  Given the frivolous nature of Plaintiff's claims, as we set forth in our motion to dismiss, Defendants should be relieved of the obligation to respond to Plaintiff's discovery pursuant to Fed. R. Civ. P. 26(c).

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution.  See Fed. R. Civ. P. 26(c); see, e.g., Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973).  Such an order may provide, *inter alia*, that discovery not be had, that it be delayed, or that

it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984).

It is entirely appropriate for a Court to stay discovery, where there is a dispositive motion pending because it is logical that

> when, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions.

O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); see also Founding Church of Scientology v. United States Marshals Service, 516 F. Supp. 151, 156 (D.D.C. 1980); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction). Further, where, as here, one or more issues may be dispositive of a case, it is proper to stay discovery on other issues until the dispositive issue or issues have been decided. See, e.g., Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved).

In Bivens litigation in particular, it is commonplace to stay discovery until the immunity claims have been resolved.  E.g., Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982).  As the Supreme Court recognized, qualified immunity "is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Importantly, the Supreme Court has long admonished that the immunity question "should be resolved at the earliest possible stage of a litigation."  Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987).  This argument is more compelling here given that, as Defendants argue in their motion to dismiss, they enjoy absolute immunity from Plaintiff's suit. See Deft's Motion to Dismiss at 4-5.

Critical for present purposes, the Supreme Court has cautioned that until the "threshold immunity question is resolved, discovery should not be allowed."  Harlow, 457 U.S. at 818. Moreover, the Supreme Court later emphasized, analogously, that "[u]nless the plaintiff's allegations state a violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."  Mitchell, 472 U.S. at 526.

Indeed, our Court of Appeals issued a stay of proceedings and a writ of mandamus in a case in which the district court had ordered an evidentiary proceeding prior to resolving the qualified immunity issues before it.  See., Fludd v. United States Secret Service, 771 F.2d 549 (D.C. Cir. 1985). In that case, the plaintiff contended that the individual defendants, agents of the United States Secret Service, had violated his Fourth Amendment rights in their service of a subpoena on him for a handwriting exemplar.  Id. at 550.  After the individual defendants had moved to dismiss or for summary judgment on qualified immunity grounds, the district court deferred resolution of the qualified immunity issue.  Id. at 552.  Instead of ruling on immunity first, the Court ordered a factual

hearing on the authority of the property owner to give consent to enter. Id. When the Court declined to reconsider its decision to hold an evidentiary hearing before resolving the qualified immunity question, the D.C. Circuit issued a writ of mandamus directing the cancellation of the evidentiary hearing. Id.

In explaining its decision to issue the extraordinary writ, the D.C. Circuit relied heavily on the Supreme Court's then "recent" pronouncement in Harlow. 771 F.2d at 552. The D.C. Circuit quoted Harlow extensively, including the passage noting that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." 771 F.2d at 553, quoting 457 U.S. at 818. Although the court observed that an evidentiary hearing is not always forbidden, it issued the writ because this Court had "exceeded the permissible limits of such a hearing." 771 F.2d at 554.

With this backdrop, the Defendants submit that this Court should issue a protective order as to Plaintiff's requested discovery and a stay of all discovery proceedings until this Court rules on Defendants' dispositive motion, in which an immunity defense is asserted.

WHEREFORE, Defendants submit that this motion to strike *Pro se* Plaintiff's appearance as counsel, for a protective order and to stay discovery pending resolution of Defendants' dispositive motion should be granted.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

September 27, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the accompanying Defendants' Motion to Strike *Pro se* Plaintiff's Appearance as Counsel, for a Protective Order and to Stay Discovery Pending Resolution of Defendants' Dispositive Motion were served upon Plaintiff, *Pro se*, by the Electronic Court Filing system, to the extent that he has access, and by mail, postage prepaid, addressed as follows:

Montgomery Blair Sibley
LAW OFFICE OF RODRIGUEZ & SIBLEY
1717 K. Street, N.W.
Suite 600
Washington, DC 20036-5346

on this 27th day of September, 2006.

/s/
OLIVER W. MCDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 616-0739