**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

MONTGOMERY BLAIR SIBLEY,

        PLAINTIFF,

vs.

STEVEN BREYER, RUTH BADER GINSBURG, ANTHONY KENNEDY, SANDRA DAY O'CONNOR, ANTONIN SCALIA, DAVID SOUTER, JOHN PAUL STEVENS, CLARENCE THOMAS, GERALD BARD TJOFLAT, JOEL F. DUBINA AND PHYLLIS A. KRAVITCH,

        DEFENDANTS.
_____/

CASE NO.:1:06-CV-107
Judge: Rosemary M. Collyer

**PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO STRIKE *PRO SE* PLAINTIFF'S APPEARANCE AS COUNSEL, FOR A PROTECTIVE ORDER AS TO NOTICED DISCOVERY AND TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION**

    Plaintiff, by and through his undersigned counsel, responds to Defendants' Motion to Strike *Pro Se* Plaintiff's Appearance as Counsel, for a Protective Order as to Noticed Discovery and to Stay Discovery Pending Resolution of Dispositive Motion and states:

**I.    MOTION TO STRIKE**

    Defendants claim that: "Plaintiff's notice of appearance as counsel for himself should be stricken." In support, Defendants cite *United States v. Shea*, 508 F.2d 82, 86 (5th Cir. 1975). That case is inapposite as it dealt with a criminal convicted defendant claiming on appeal "that he did not knowingly, intelligently and willingly waive assistance of counsel and, therefore, argues that his Sixth Amendment right to counsel was violated." *Id.* at 84. Certainly, Plaintiff would not argue on appeal that in representing himself he has denied himself effective assistance of counsel.

    Additionally, Defendants cite "§ 1654. Appearance Personally or by Counsel" which states: "In all courts of the United States the parties may plead and conduct their own cases personally or

1

by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

Here, Plaintiff is a member of this distinguished Bar. Plaintiff has chosen to employ himself as counsel, a fundamental right which may not be disparaged by this Court. The right to plead and manage their own causes personally has been in existence since the very First Congress. *See United States v. Plattner*, 330 F.2d 271, 274, (2nd Cir. 1964).

Finally, the motion to strike seeks a result which is of no mediate difference. Apparently attempting to avoid the attorney fee provision for failing to waive the service of process under Rule 4, the Defendants are more properly asking this Court to determine how many Angels are dancing on the head of a pin by this motion.

WHEREFORE, Defendants' motion to strike should be denied.

## II. MOTION FOR PROTECTIVE ORDER

Defendants next seek to prevent discovery pending resolution of the outstanding motion to dismiss.

### A. THIS COURT'S FAILURE TO ACT

First, Plaintiff maintains that he should not be prejudiced by the delay in time occasioned by this Court's failure to comply with Federal Rules of Civil Procedure, Rule 16(b), which requires that this Court issue a scheduling order "as soon as practicable but in any event **within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant**." (Emphasis added.)

Here, that <u>mandatory</u> date for issuing the scheduling order has long passed. Indeed, Plaintff has sought to compel the pre-requisite conference which this Court has also ignored.

### B.  DEFENDANTS' MISREPRESENTATION TO THE COURT

Second, Defendants argue to this Court that "Given the frivolous nature of Plaintiff's claims, as we set forth in our motion to dismiss, Defendants should be relieved of the obligation to respond to Plaintiff's discovery pursuant to Fed. R. Civ. P. 26(c)."  This statement is ludicrous.

Defendants do <u>not</u> in any part of their motion to dismiss assert that Plaintiff's claims are "frivolous".  Instead, Defendants raise only three grounds.  First, that Plaintiff did not comply with the Federal Tort Claim Act, which, while inapplicable as detailed in Plaintiff's response to the motion to dismiss, certainly does <u>not</u> render Plaintiff's claims "frivolous".  Second, that the Defendants enjoy " immunity" which, as an affirmative defense, does <u>not</u> challenge the merits of Plaintiff's claims, but seeks to avoid them.  Last, that service was not properly made upon the Defendants which, as the filed affidavit of service plainly shows, is untrue.

Hence, given that Plaintiff's claims are not "frivolous" – and notably Defendants have not made a Rule 11 motion to that end – Defendants advance <u>no</u> meritorious argument for delaying the discovery in this matter.  Thus, Defendants' motion for protective order should be denied.

### C.  DEFENDANTS ADMISSION ARGUES AGAINST STAYING DISCOVERY

In a remarkable admission against the position taken in the Motion to Dismiss, Defendants <u>now</u> recognize that Plaintiff is <u>not</u> pursuing a Federal Tort Claim action[1].  As such, the Defendants have now clearly abandoned their first argument in their motion to dismiss.[2]

---

[1]  "In *Bivens* litigation in particular, it is commonplace to stay discovery until the immunity claims have been resolved." (Defendants' Motion to Stay, p. 4).

[2]  Defendants claim that the FTCA "is the exclusive remedy for claims for money damages against federal employees, such as these defendants, who are acting within the scope of their employment." (Defendants' Memorandum in support of motion to dismiss, p. 1)

Moreover, by citing *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987), for the proposition that discovery should be stayed, the Defendants are being less than intellectually candid to this Court. In *Anderson*, the Supreme Court remanded for the specific purpose of permitting discovery on the qualified immunity defense – the same defense that Defendants raise here:

> Thus, on remand, it should first be determined whether the actions the Creightons allege Anderson to have taken are actions that a reasonable officer could have believed lawful. If they are, then Anderson is entitled to dismissal prior to discovery. *Cf. ibid.* If they are not, and if the actions Anderson claims he took are different from those the Creightons allege (and are actions that a reasonable officer could have believed lawful), then discovery may be necessary before Anderson's motion for summary judgment on qualified immunity grounds can be resolved. Of course, any such discovery should be tailored specifically to the question of Anderson's qualified immunity.

*Id.* at 646, n. 6.

Accordingly, Plaintiff should be permitted discovery of whether "the actions [Plaintiff] allege[s] [the Defendants] have taken are actions that a reasonable officer could have believed lawful."

Given Plaintiff's common law and statutory claims grounded in the doctrine of *nemo judex parte sua*, discovery on this point should not be stayed.

\WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' motion to stay discovery.

CERTIFICATE OF SERVICE

     I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon Oliver W. McDaniel, Assistant United States Attorney, Civil Division, 555 Fourth Street, N.W., Washington, D.C. 20530 this September 28, 2006.

                                            **MONTGOMERY BLAIR SIBLEY**
                                            *In Proper Per*
                                            50 West Montgomery Avenue, Suite B-4
                                            Rockville, MD 20850-4216
                                            Voice/Fax:    (202) 478-0371


                                            By:   /s/ Montgomery Blair Sibley
                                                       Montgomery Blair Sibley
                                                       D.C. Bar #464488