## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**MONTGOMERY BLAIR SIBLEY,**            )
                                        )
       **Plaintiff,**    )
                                        )
    **v.**                             )     **Civil Action No. 06-107 (RMC)**
                                        )
**STEVEN BREYER,** *et al.*             )
                                        )
       **Defendants.**   )
_____)

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR
### MOTION TO STRIKE *PRO SE* PLAINTIFF'S APPEARANCE AS COUNSEL,
### FOR A PROTECTIVE ORDER AS TO NOTICED DISCOVERY AND
### TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION

The Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully submits this reply memorandum in further support of their motions to strike, for a protective order and to stay discovery.

### DISCUSSION

**Motion to Strike**

Since Plaintiff, *Pro se*, is of the view that the motion to strike "seeks a result which is of no immediate difference," it appears that he does not oppose it and that his appearance as counsel for himself should be stricken. Moreover, Plaintiff, *Pro se*, if nothing else, excels in contradiction by downplaying the comparable absurdity of a criminal defendant claiming that he denied himself the effective assistance of counsel, as revealed in <u>United States v. Shea</u>, 508 F.2d 82, 86 (5th Cir. 1975), but championing a criminal defendant's sixth amendment right to represent himself as justification for his claimed "fundamental right" to "employ himself as counsel," citing <u>United States v. Plattner</u>, 330 F.2d 271, 274 (2nd Cir. 1964). Either Plaintiff, *Pro se*, fails to comprehend the fundamental

significance of the Sixth Amendment or is attempting to mislead the Court.  In either case, the motion to strike should be granted.

## Motion for Protective Order

Plaintiff, *Pro se*, argues for an interpretation of the Federal Rules that limits the Court's broad discretion to control the schedule of a case.  See Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988).  Plaintiff effectively suggests that Fed. R. Civ. P. 16(b) imposes mandatory-minimum time periods requiring the Court to issue a scheduling order within 90 days after the defendant's appearance or 120 days after service of the complaint.  However, the rule and, more importantly, the interplay of the federal rules just does not impose such a firm, immutable requirement.  Rule 16(b) states that the Court "shall, after . . . consulting with the attorneys for the parties or any unrepresented parties by . . . other suitable means, enter a scheduling order . . .."  Certainly this Rule would allow that the "other suitable means" of consulting could be by a dispositive motion, like a motion to dismiss and the briefing therefor.

Likewise, while Rule 16 (b) establishes certain time periods for the entry of a scheduling order, Rule 6 (b) provides: "[w]hen by these rules . . . an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . **with or without motion or notice** order the period enlarged . . .." (Emphasis added.)  Rule 6 (b) does not remove Rule 16 (b)'s requirements from this permitted authority to enlarge, as it does other time periods.  Accordingly,  the Rules certainly permit the district court, after receiving and assessing a motion to dismiss, to enlarge the time for filing a scheduling order without a separate motion therefor being filed by a party or notice thereof being filed by the Court.  Certainly, this broad discretion would permit the Court to delay entry of a scheduling order or even to enter an order *nunc pro tunc*

announcing its intent to delay entry of a scheduling order.  So, contrary to Plaintiff's arguments, the Court did not fail to act.  A protective order then would be appropriate in this case.

**Motion to Stay Discovery**

Plaintiff, *Pro se*, has apparently misread Defendants' motion to dismiss, causing him to miss the distinction Defendants made between an official capacity suit under the Federal Tort Claims Act (FTCA) and individual capacity suit pursuant to <u>Bivens</u>. Plaintiff also misread the absolute immunity defense asserted as a qualified immunity defense.  Plaintiff lastly also failed to comprehend the import of Defendants' arguments about the nature of his claims.  While the word "frivolous" was not used, the significance of the defects in his claims certainly lead to this conclusion in Defendants' view.

In the midst of this misunderstanding, Plaintiff, *Pro se*, makes a bald request for discovery on the qualified immunity defense and on his as yet unexplained "*nemo judex parte sua*" theory. Plaintiff, however, offers no basis for discovery or no distinct area of inquiry that legitimately should be pursued as part of the Court's resolution of the pending motion to dismiss.  Accordingly, discovery clearly should be stayed.

WHEREFORE, Defendants respectfully submit that their motion to strike *Pro se* Plaintiff's appearance as counsel, for a protective order and to stay discovery pending resolution of Defendants' dispositive motion should be granted.

Respectfully submitted,


/s/
_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
Interim United States Attorney


/s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

October 4, 2006

4

## CERTIFICATE OF SERVICE

I hereby certify that the accompanying Defendants' Opposition to Plaintiff's Response to

Their Motion to Strike *Pro se* Plaintiff's Appearance as Counsel, for a Protective Order and to Stay

Discovery Pending Resolution of Defendants' Dispositive Motion were served upon Plaintiff, *Pro*

*se*, by the Electronic Court Filing system, to the extent that he has access, and by mail, postage

prepaid, addressed as follows:

Montgomery Blair Sibley
LAW OFFICE OF RODRIGUEZ & SIBLEY
1717 K. Street, N.W.
Suite 600
Washington, DC 20036-5346

on this 4th day of October, 2006.


                                                /s/
                               ————————————————————
                               OLIVER W. MCDANIEL, D.C. Bar No. 377-360
                               Assistant United States Attorney
                               Civil Division
                               555 4th Street, N.W.
                               Washington, D.C.  20530
                               (202) 616-0739

5