**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MONTGOMERY BLAIR SIBLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-107 (RMC)** |
| ) | |
| **STEVEN BREYER,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION**

Montgomery Blair Sibley sues the Justices of the United States Supreme Court and three judges of the United States Court of Appeals for the Eleventh Circuit. He alleges that all of these jurists committed treason and violated his right to an impartial tribunal in an earlier civil case, in which he sued the same Justices and judges. He alleges that they should have recused themselves and seeks $75,000 in damages. The complaint is without merit and will be dismissed.

**I.  BACKGROUND FACTS**

Mr. Sibley first filed suit in the United States District Court for the Southern District of Florida in 2004, claiming that the Justices and the Eleventh Circuit Court of Appeals violated his rights when they adjudicated prior civil actions he had instituted that concerned a domestic relations and child custody dispute. *See* Defs.' Ex. 1, *Sibley v. U.S. Supreme Court*, No. 04-21698 (S.D. Fla.) (Final Order of Dismissal Oct. 13, 2004). The district court dismissed the action in October 2004. *Id.* The Eleventh Circuit affirmed and the Supreme Court denied *certiorari*. Defs.' Exs. 2 & 3, *Sibley v. U.S. Supreme Court*, No. 04-15501, 136 Fed. Appx. 252 (11th Cir. June 10, 2005), *cert.*

*denied*, 126 S. Ct. 666 (2005).

Mr. Sibley filed this case on January 18, 2006. He alleges that the Defendants were obligated under 28 U.S.C. § 455 and the Ninth Amendment to recuse themselves because they were named defendants in the prior action. He also alleges that the failure to recuse constituted treason. Defendants have moved to dismiss.

## II.  LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether the plaintiff has properly stated a claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). A court may take judicial notice of public records from other proceedings. *Covad Comms. Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (permitting judicial notice of facts in public records of other proceedings).

## III.  ANALYSIS

Each of the individuals named as a defendant is entitled to absolute judicial immunity. It has long been the rule that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or wantonly." *Bradley v. Fisher*, 13 Wall. 335, 351 (1871).

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotations omitted).  The purpose of judicial immunity is to protect the public, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  Because the Defendants had jurisdiction to resolve Mr. Sibley's earlier civil action, it is clear that they are entitled to absolute judicial immunity from suits challenging their participation in it.  *See, e.g., Moore v. Burger*, 655 F.2d 1265 (D.C. Cir. 1981) (suit against four Supreme Court justices dismissed as frivolous based on judicial immunity, since the justices had jurisdiction over the subject matter before them).

Since the doctrine of absolute judicial immunity represents an absolute bar to Mr. Sibley's claims, his complaint will be dismissed and all other pending motions denied as moot. Given this resolution, the Court does not need to address the Government's remaining arguments concerning the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, or insufficient service of process.  A memorializing order accompanies this Memorandum Opinion.


_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: October 11, 2006