UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MONTGOMERY BLAIR SIBLEY,

        PLAINTIFF,

vs.

STEVEN BREYER, RUTH BADER GINSBURG, ANTHONY KENNEDY, SANDRA DAY O'CONNOR, ANTONIN SCALIA, DAVID SOUTER, JOHN PAUL STEVENS, CLARENCE THOMAS, GERALD BARD TJOFLAT, JOEL F. DUBINA AND PHYLLIS A. KRAVITCH,

        DEFENDANTS.
_____/

CASE NO.:1:06-CV-107
Judge: Rosemary M. Collyer

**PLAINTIFFS' MOTION TO ALTER OR AMEND THE ORDER ON MOTION TO DISMISS**

    Plaintiff, by and through his undersigned counsel and pursuant to Federal Rules of Civil Procedure, Rule 59(e)[1] and the inherent authority of this Court, moves this Court to alter or amend the final judgment upon a reconsideration of manifest matters overlooked or misapprehended both as to the law and facts and for grounds in support thereof state:

**I.  PLAINTIFF'S MOTION FOR COSTS IS NOT MOOT**

    Federal Rules of Civil Procedure, Rule 4(d)(2) states "If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court **shall** impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown."

    Here, without dispute, Plaintff is entitled to costs for effectuating service as detailed in his

---

[1] Rule 59(e) serve the purpose "of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

motion for costs and this Court is without authority to avoid awarding those costs by declaring the motion "moot".

WHEREFORE, Plaintiff requests that the Court grant costs, including attorney fees, of $350.00 to Plaintiff from Defendants Steven Breyer, Ruth Bader Ginsburg, Anthony Kennedy, Sandra Day O'Connor, Antonin Scalia, David Souter, John Paul Stevens and Clarence Thomas.

## II.    THE COURT RADICALLY EXPANDS JUDICIAL IMMUNITY

This Court held:

> Because the Defendants had jurisdiction to resolve Mr. Sibley's earlier civil action, it is clear that they are entitled to absolute judicial immunity from suits challenging their participation in it. See, e.g., *Moore v. Burger*, 655 F.2d 1265 (D.C. Cir. 1981) (suit against four Supreme Court justices dismissed as frivolous based on judicial immunity, since the justices had jurisdiction over the subject matter before them).

(Memorandum Opinion, p. 4).

The judicially-created absolute judicial immunity protects judges when they have jurisdiction. Here, the Defendant-Justices did not have jurisdiction as they were each prohibited from acting as adjudicators by Congressional action found at 28 U.S.C. §455 – "Disqualification of **justice**, judge, or magistrate judge" (Emphasis added).

Hence, this Court has now expanded the doctrine of judicial immunity to include immunity for acts prohibited by Congress.

Moreover, Plaintiff's Ninth Amendment article is likewise ignored by this Court. This Court has now held that an Article III actor can by judicial-fiat destroy a right held by the people and preserved under the Ninth Amendment – here, the right of *nemo judex in parte sua*. Simply stated, the grant of Article III authority to the judiciary did not include authority to derogate those

fundamental rights. By expanding the concept of judicial immunity to protect the Defendant-Justices from their plain trampling on the right of *nemo judex in parte sua,* this Court has ignored that fundamental right.

Finally, in *Black v. Romano* 471 U.S. 606 (1985), Justice Marshall in his concurrence wrote:

> the theme unifying these cases is that whether due process requires written reasons for a decision, or for a particular step in the decision making process, is, like all due process questions, to be analyzed under the three-factor standard set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). When written reasons would contribute significantly to the "fairness and reliability" of the process by which an individual is deprived of liberty or property, *id.*, at 343, reasons must be given in this form unless the balance between the individual interest affected and the burden to the government tilts against the individual. *Id.*, at 335. Whether written reasons would make such a contribution in any particular case depends on a variety of factors, including the nature of the decision making tribunal, the extent to which other procedural protections already assure adequately the fairness and accuracy of the proceedings, and the nature of the question being decided. (Footnotes omitted.)

Here, this Court did not give its *ratio decidendi* for its finding that so radically expands the notion of judicial immunity to include (i) ignoring federal statutes and (ii) violating by consequence fundamental rights.

Due Process, as recognized in *Mathews v. Eldridge*, prohibits this. In order for the Court to comport its actions with due process, it must give written reasons why it dismissed this cause addressing the aforementioned issues. To proceed otherwise – as the Court here has done – undermines the "fairness and reliability" demanded by *Mathews v. Eldridge* and renders this Court's opinion – though final – intellectually suspect.

Obviously, there is a presumption of honesty and integrity in those serving as adjudicators. *Cf: Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Here, that presumption is rebutted by this Court's

opinion which does violence to Congressionally-granted and fundamental rights and then refuses to explain the result consistent with *stare decisis*.

WHEREFORE, Plaintiff respectfully requests that this Court alter or amend the final judgment and upon a reconsideration of manifest matters overlooked or misapprehended both as to the law and facts cited herein deny Defendants' motion to dismiss.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon Oliver W. McDaniel, Assistant United States Attorney, Civil Division, 555 Fourth Street, N.W., Washington, D.C. 20530 this October 16, 2006.

> **MONTGOMERY BLAIR SIBLEY**
> *In Proper Per*
> 50 West Montgomery Avenue, Suite B-4
> Rockville, MD 20850-4216
> Voice/Fax:   (202) 478-0371
>
>
> By:   /s/ Montgomery Blair Sibley
>         Montgomery Blair Sibley
>         D.C. Bar #464488