UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONTGOMERY BLAIR SIBLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 06-107 (RMC) |
| ) | |
| **STEVEN BREYER,** *et al.* ) | |
| ) | |
| **Defendants** ) | |
| ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
ALTER OR AMEND THE ORDER ON MOTION TO DISMISS**

The Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully submit this memorandum in opposition to Plaintiff's Motion to Alter or Amend the Order on Motion to Dismiss (hereinafter "Plff. Mot. Alt. Judg.").

**I.   Introduction.**

Plaintiff's Motion to Alter or Amend the Order on Motion to Dismiss should be treated as a Motion for Reconsideration. In fact, Plaintiff cites Fed. R. Civ. P. 59(e) in the first sentence of his Motion. See Plff. Mot. Alt. Judg. at 1 ("Plaintiff . . . pursuant to Federal Rules of Civil Procedure, Rule 59(e) and the inherent authority of this Court, moves this Court to alter or amend the final judgment upon a reconsideration of manifest matters overlooked or misapprehended . . ."). Plaintiff fails to present any " manifest matters overlooked or misapprehended" to warrant reconsideration of the Court's October 11, 2006 Memorandum Order. Instead, Plaintiff's Motion merely rehashes arguments previously considered and rejected by the Court. Therefore, under the stringent standard of Fed. R. Civ. P. 59(e) and for the reasons stated herein and in the Court's October 11 Order, the Court should deny Plaintiff's Motion for Reconsideration.

**II.    Background.**

The factual background of this case has been previously set forth in the Court's October 11, 2006 Memorandum Opinion, which granted Defendants' Motion to Dismiss. See Sibley v. Breyer, et al. No. 06-107 (RMC), slip op. (D.D.C. Oct. 11, 2006) (Dkt. No. 17) ("Oct. 2006 Opinion"). In granting Defendants' motion to dismiss, the Court reasoned that "[s]ince the doctrine of absolute judicial immunity represents an absolute bar to Mr. Sibley's claims, his complaint will be dismissed and all other pending motions denied as moot." Id. at 3.

At present, Plaintiff seeks reconsideration of the Court's October 2006 Opinion and Order (Dkt. Nos. 17 & 18). As established below, Plaintiff's Motion to Alter or Amend the Order on Motion to Dismiss fails to identify any clear error or manifest injustice but instead seeks to relitigate arguments previously rejected by the Court.

**III.    Governing Legal Standard**

Motions for reconsideration under Rule 59(e) are subject to a "stringent standard." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Given the judicial and societal interest in the finality of judgments, such motions "are disfavored[,] and relief from judgment is granted only when the moving party establishes extraordinary circumstances." Niedermeier v. Office of Baucus, 153 F.Supp.2d 23, 28 (D.D.C. 2001).

A motion under Rule 59(e) "is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." W.C. & A.N. Miller Cos. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997), aff'd sub nom. Hicks v. United States, 1999 WL 414253 (D.C. Cir.1999); see also New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not

2

simply an opportunity to reargue facts and theories upon which a court has already ruled"); U.S. v. Western Electric Co., Inc., 690 F. Supp. 22, 25 (D.D.C. 1988) ("A Rule 59(e) motion cannot be used as a vehicle to relitigate matters already argued and disposed of."). Instead, to succeed on a Rule 59(e) motion, the movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone, 76 F.3d at 1208 (internal quotations omitted). "Only if the moving party presents new facts or a clear error of law which 'compel' a change in the court's ruling will the motion to reconsider be granted." New York, 880 F. Supp. at 39 (quoting Natural Resource Defense Council, Inc. v. U.S. Environmental Protection Agency, 705 F. Supp.698, 702 (D.D.C. 1989)). Compare Consolidated Edison Co. of New York v. O'Leary, 184 F.R.D. 1, 2 (D.D.C. 1998) ("A motion for reconsideration . . . should not be granted unless the movant presents either newly discovered evidence or errors of law or fact which need correction") (internal quotations omitted). A motion for reconsideration is committed to the sound discretion of the trial court. "A trial court has broad discretion to grant or deny a motion for reconsideration." McDonnell-Douglas v. Nat'l Aeronautics & Space Administration, 109 F. Supp. 2d 27, 28 (D.D.C. 2000); see also Firestone, 76 F.3d at 1208 (reviewing trial court's ruling on 59(e) motion under "abuse of discretion" standard).

**IV.     DISCUSSION**

    **A.     Plaintiff's Motion for Costs Should Be Denied**.

Plaintiff argues that this Court erred when it determined that its granting of Defendants' Motion to Dismiss rendered Plaintiff's Motion for Costs moot. Plff. Mot. Alt. Judg at 1-2. In his Motion for Costs, Plaintiff maintained that he was entitled to costs of $350 for effecting service on

Defendants under Federal Rules of Civil Procedure, Rule 4(d)(2).[1] Plaintiff's Motion for Costs (hereinafter "Plff. Mot. Costs") (Dkt. No. 9) ¶¶ 3-5.

This Court properly concluded that Plaintiff's Motion for Costs was moot when it granted Plaintiff's Motion to Dismiss. Memorandum Opinion at 3 ("Since the doctrine of absolute judicial immunity represents an absolute bar to Mr. Sibley's claims, his complaint will be dismissed and all other pending motions denied as moot."). The issue of mootness arises "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." United States Parole Commission v. Geraghty, 445 U.S. 388, 395 (1980). The Court determined that judicial immunity barred Plaintiff's suit against all Defendants. Memorandum Opinion at 2-3. Judicial immunity renders judges immune from liability in civil actions for their judicial acts. Id. at 2 (citing Bradley v. Fisher, 13 Wall. 335, 351 (1871)). Thus, any monetary compensation (including costs for effecting process under Fed. R. Civ. P. 4(d)(2)) that Plaintiff could seek from the Defendants was moot after the Court implicitly determined that each of the Defendants could not be sued for those costs under the doctrine of absolute judicial immunity. See Chapman v. New York State Div. for Youth, 227 F.R.D. 175, 181 (N.D.N.Y. 2005) (where plaintiffs had brought a motion for costs because they had maintained that defendants had not executed additional waivers of service, the Court concluded that such waivers were not necessary, and that, "[b]ecause these Defendants acted properly, it need not address Plaintiffs' request for the cost of service and attorney fees for filing this Motion.").

---

[1] Plaintiff states that the costs of serving the U.S. Supreme Court was $100. Plff. Mot. Costs at ¶ 4 (Plaintiff mistakenly refers to service on the "Florida Supreme Court"). Amazingly, Plaintiff contends that the remaining $250 is for legal fees ($250 per hour) that he is charging for preparation for himself of the Motion for Costs. Id. at ¶ 5.

Even assuming arguendo that Plaintiff's Motion for Costs was not moot and that this Court could review the actions of Justices of the U.S. Supreme Court or the Eleventh Circuit, Plaintiff's claim fails substantively since the plain language of Fed. R. Civ. P. 4(d)(2) does not apply to the Defendants in this case and thus does not by its terms authorize the recovery of costs for Plaintiff. Fed. R. Civ. P. 4(d)(2) states: "An **individual, corporation, or association** that is **subject to service under subdivision (e), (f), or (h)** and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons." (Emphasis added.) It further provides that "[i]f a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Fed. R. Civ. P. 4(d)(2) expressly applies only to individuals, corporations, and associations that are subject to service under subparagraphs (e), (f), or (h). "A request for waiver of service may only be sent to those discrete defendants who are subject to service under Rule 4(e), (f), and (h). Listed seriatim, those discrete defendants are 'individuals,' 'corporations,' and 'association.' " Chapman, 227 F.R.D. at 179 (internal citations omitted). "For public policy reasons, neither governmental agencies nor their employees or officials are obligated to comply with a request for waiver[,] nor will they be confronted with bearing the costs of the service of process." Id. (citing Rule 4 Advisory Committee's Notes 1993 Amendment – concerning service on state agencies and employees).

Fed. R. Civ. P. 4(i)(2) governs suits against federal officers and employees. Under Fed. R. Civ. P. 4(i)(2)(A), when federal officials are sued in their official capacity, Plaintiff must serve the Attorney General of the United States, the United States Attorney for the judicial district in which

the suit is brought, and the officer or agency by registered or certified mail. Likewise, to the extent that Plaintiff is suing Defendants in their individual capacities, they are subject to service under Fed. R. Civ. P. 4(i)(2)(B). Fed. R. Civ. P. 4(i)(2)(B) requires service in accordance with both the rules applicable to individual defendants (Fed. R. Civ. P. 4(e)) and the rules applicable to service on the United States (Fed. R. Civ. P. 4(i)(1)) . See Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Navy, Marshall & Gordon v. U.S. International Development-Corporation Agency, 557 F. Supp. 484, 489 (D.D.C. 1983); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989). Rule 4(e)(2), Fed. R. Civ. P., requires delivery of a copy of the summons and complaint to the defendant (or his appointed agent) personally, or to "his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there.

Plaintiff did not fully comply with Fed. R. Civ. P. 4(i)(2)(B) as to any of the Defendants. Plaintiff submitted a receipt showing that he had sent service by first class mail to each of the Justices of the U.S. Supreme Court. See Plff. Mot. Costs (Print History from Stamps.com, dated 4/12/06). Plaintiff may have served the authorized representative of the Justices of the U.S. Supreme Court on January 24, 2006. See Plaintiff's Motion for Costs (Washington Pre Trial Services Invoice showing personal service on D.E. Pearson, Authorized Representative of Defendants Justices of the U.S. Supreme Court).[2] However, such service was insufficient.

Although Plaintiff has attempted to serve Judges of the U.S. Court of Appeals for the Eleventh Circuit personally, Plaintiff admits that he has yet to serve them in accordance with Fed.

---

[2] While, as a matter of policy, the Supreme Court Justices tend not to challenge such improper service in order to avoid more intrusive methods of service, Plaintiff has failed to comply fully with the requirements of the rule.

R. Civ. P. 4(i)(2). See Plaintiff's Motion to Enlarge Time to Serve Complaint on Defendants Gerald Bard Tjoflat, Joel F. Dubina and Phyllis A. Kravitch and for Limited Discovery ¶¶ 3-4 (noting that he attempted to serve Defendants at their "place of business but that the service was refused" and stating that the residences of federal judges are not a matter of public record"). Thus, Plaintiff is seeking damages for service of process that he is yet to execute properly.

Plaintiff, *pro se*, continues his gross misinterpretation of the authorization for attorney's fees in his reliance on Fed. R. Civ. P. 4(d)(5). Plaintiff's Motion for Costs (Dkt. No. 9) ¶ 5. Rule 4(d)(5) provides as follows: "The costs to be imposed on defendant under paragraph (2) [Fed. R. Civ. P. 4(d)(2)] for failure to comply with a request to waive service of a summons shall include costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a **reasonable** attorney's fee, of any motion required to collect the costs of service." (Emphasis added.) Like Rule 4(d)(2), the express language of Rule 4(d)(5) only applies to service effected under subdivisions (e), (f), and (h). As mentioned above, none of the Defendants in this case may be served under those provisions. Rather, they all must be served under Fed. R. Civ. P. 4(i)(2).

In addition, awarding attorney's fees in this case is not reasonable because doing so would unjustly reward Plaintiff for representing himself. Title 28 U.S.C. § 1654 does not contemplate Plaintiff simultaneously advancing a claim as a *pro se* litigant and as an attorney representing himself. 28 U.S.C. § 1654 (2003); see, e.g., United States v. Shea, 508 F.2d 82, 86 (5th Cir. 1975) ("Under [28 U.S.C. § 1654],[defendant] had a right to appear pro se or to be represented by counsel, but he did not have a right to a hybrid representation, partly by himself and partly by counsel."); In re Moody, 105 B.R. 368, 374 (S.D. Tex. 1989) (striking papers filed by party who was represented

by counsel, court ruled "[a] party who appears by counsel has no right to personally conduct, or assist counsel in conducting the litigation of his case."). There is nothing "reasonable" about granting attorney's fees to Plaintiff, *pro se*, who never properly served Defendants and who cannot both act as counsel for himself and as his own client in the same case, through some hybrid form of representation, which is clearly inconsistent with the nature of the representation contemplated by 28 U.S.C. § 1654.

This Court previously declared Plaintiff's Motion for Costs moot because his substantive claims are barred by the doctrine of absolute judicial immunity. Moreover, Fed. R. Civ. P. 4(d)(2) and 4(d)(5) do not permit Plaintiff to recover costs for service of process when he is suing officers of the United States. Plaintiff has yet to serve Defendants properly, cannot act as his own attorney and accordingly cannot recover attorney's fees in this case. Thus, Plaintiff's Motion for Costs is completely devoid of merit and should be denied.

    **B.**    **This Court Properly Concluded That Defendants Were Entitled to Absolute Judicial Immunity.**

Advancing an argument that he actually raised, or could have raised, previously, Plaintiff contends that absolute judicial immunity does not apply to this case because the Supreme Court did not have jurisdiction over his other case in which the High Court denied *certiorari*. Plff. Mot. Alt. Judg. at 2. He cites 28 U.S.C. § 455 ("Disqualification of justice, judge, or magistrate judge") in support of this assertion. Plff. Mot. Alt. Judg. at 2.

Plaintiff alleges that the jurists violated 28 U.S.C. §§ 455(a) and(b)(5)(i). Compl. ¶¶ 15-16. Section 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

questioned."[3] Plaintiff's claim of error by the Supreme Court advanced through this suit implicitly calls upon this Court to sit in judgment of the rulings of a superior court, the U.S. Supreme Court. However, subject matter jurisdiction is not available to this Court for such review.  See In re Marin, 956 F.2d 339, 340 (D.C.), *cert. denied*, 506 U.S. 844 (1992); Panko v. Rodak, 606 F.2d 168 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980).  So, apart from absolute immunity, Plaintiff's claims were also subject to dismissal on this ground.

Title 28 U.S.C. § 455(b)(5)(i) requires that a justice or judge shall disqualify himself when: "[h]e . . . is a party to the proceeding, or an officer, director, or trustee of a party."  However, "[a] judge is not disqualified because a litigant sues or threatens to sue him."  See United States v. Grismore, 564 F.2d 929, 933 (10th Cir.1977), *cert. denied*, 435 U.S. 954 (1978) (suit against judge not automatically disqualifying); Andersen v. Roszkowski, 681 F.Supp. 1284, 1289 (N.D. Ill. 1988) (no automatic disqualification to prevent forum shopping; no disqualification unless there is a legitimate basis for suit and to prevent the circumstance in which all judges in a particular district have been sued), citing In re Martin-Trigona, 573 F.Supp.1237, 1243 (D.Conn. 1983).[4]  So, it is

---

[3] Plaintiff also asserts that Defendants violated the natural right of "nemo judex in parte sua" ("no person can judge a case in which he or she is party"). Compl. ¶14; http://resources.lawinfo.com/dsp_term.cfm?Key=nemo_judex_in_parte_sua (definition of "nemo judex in parte sua").  He maintains that the Ninth Amendment made this doctrine applicable to federal judges. Compl. ¶ 14.  The Ninth Amendment to the United States Constitution states, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Plaintiff also asserts that this Court's application of absolute judicial immunity to the instant case violates his fundamental rights that are guaranteed under the Ninth Amendment.  Plff. Mot. Alt. Judg. at 2-3.  Plaintiff fails to cite any authority in his pleading and motions for these sweeping propositions, and such a claim of right appears little different than the principles codified in 28 U.S.C. §§ 455(a) and(b)(5)(I).  Accordingly, Defendants' arguments thereon address Plaintiff's claimed natural right.

[4] See also Bolin v. Story, 225 F.3d 1234, 1238-39 (11th Cir. 2000) (quoting United States v. Will, 449 U.S. 200, 213 (1980)) (Under "rule of necessity," judge not disqualified due to a personal interest if there is no other judge available to hear the case) and In re City of Houston, 745

unlikely that the fact that the jurists in this case were under suit in Plaintiff's other case would have undermined their jurisdiction in that matter.

However, even assuming that the jurists lacked jurisdiction over the Plaintiff's other case, as Plaintiff alleges, absolute judicial immunity would still bar Plaintiff's suit against Defendants. As the Supreme Court explained more than a century ago in Bradley v. Fisher, 13 Wall. 335, 351 (1872), "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, **even when such acts are in excess of their jurisdiction**, and are alleged to have been done maliciously or wantonly." (emphasis added). See also Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the **clear absence of all jurisdiction.**") (emphasis added); Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980) (citing Stump, 435 U.S. at 356) ("[C]omplaint at most alleges conduct by the judges and justice of the peace **in excess of their jurisdiction**, which is not enough to lift the cloak of absolute judicial immunity.).

The scope of jurisdiction must be construed broadly where the issue is immunity of a judge. Stump, 435 U.S. at 356. Thus, even if Defendants acted outside of their jurisdiction (which they did not), there was **no clear absence of all jurisdiction** that would deprive Defendants of judicial immunity. Furthermore, Plaintiff's unfounded allegation that Defendants ignored federal statutes is likewise insufficient to deprive Defendants of absolute judicial immunity. See Edlund v. Montgomery, 355 F.Supp.2d 987, 990 (D.Minn.2005) (stating that U.S. District Court judge and

---

F.2d 925, 930-31 n.9 (5th Cir. 1984) (the rule of necessity requires that "where all are disqualified, none are disqualified.").

U.S. Magistrate Judge were "entitled to judicial immunity even if their decision exceeded their authority under the statute or, as [plaintiff] Edlund argues, 'ignore[d] the unequivocal mandates' of that statute."). Therefore, in addition to any fatal procedural flaw, the Court was clearly correct in concluding that Plaintiff's individual capacity claims are barred completely by the doctrine of absolute judicial immunity.

      **C.    The Court's Memorandum Opinion, Dated October 11, 2006, Did Not Violate Plaintiff's Due Process Rights.**

In a final effort to persuade this Court to reconsider its decision granting Defendants' Motion to Dismiss, Plaintiff asserts that this Court's decision deprived him of due process because it did not adequately provide reasons for its decision. Plff. Mot. Alt. Judg. at 3. He states that Mathews v. Eldridge, 424 U.S. 319 (1976) requires this Court to give written reasons addressing judicial immunity vis a vis 28 U.S.C. § 1455 and the Ninth Amendment. Plff. Mot. Alt. Judg. at 3. ("This Court did not give its *ratio decidendi* [sic] for its finding that so radically expands the notion of judicial immunity to include (i) ignoring federal statutes and (ii) violating by consequence fundamental rights. Due Process, as recognized in Mathews v. Eldridge, prohibits this." ).

"[I]identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Matthews, 424 U.S. at 335, citing Goldberg v. Kelly, 397 U.S. 254, 263-271 (1970). "[W]hen other procedural safeguards have minimized the risk of unfairness, there is a diminished justification for requiring a judge to explain his rulings." Black
11

v. Romano 471 U.S. 606, 613 (1985).  This Court's October 11, 2006 Memorandum Opinion (Dkt. No. 17) easily satisfies the specific dictates of due process.  The procedural safeguards provided to Plaintiff were more than adequate to insure that his views were fully expressed and fairly considered.  The Memorandum Opinion carefully noted Plaintiff's arguments regarding lack of jurisdiction and Ninth Amendment guarantees of fundamental rights.  See Court's Memorandum Opinion, October 11, 2006 (Dkt. No. 17) at 2 ("He [Plaintiff] alleges that the Defendants were obligated under 28 U.S.C. § 455 and the Ninth Amendment to recuse themselves because they were named defendants in the prior action.").  The Court's opinion more than adequately addresses these arguments when it coherently explains the substance, purpose and complete dominance of the doctrine of absolute judicial immunity over all of Plaintiff's claims.  See Court's Memorandum Opinion, October 11, 2006 (Dkt. No. 17) at 2 -3 (e.g., "[T]he doctrine of absolute judicial immunity represents an absolute bar to Mr. Sibley's claims, his complaint will be dismissed and all other pending motions denied as moot.).  None of the three Matthews factors (private interests, procedural safeguards or government interests) require a more detailed opinion by this Court.

Based on his flawed analysis of several of the aforementioned legal issues, Plaintiff makes one final leap in reasoning to conclude that this Court's opinion was so "intellectually suspect" that the presumption of integrity that is normally afforded to adjudicators should not apply in the instant case.  Plff. Mot. Alt. Judg. at 3-4.  Specifically, he states that this Court's opinion "does violence to Congressionally-granted and fundamental rights and then [sic] refuses to explain the result consistent with stare decisis."  Id.  Contrary to Plaintiff's assertion, the structure and substance of the Court's opinion amply support the presumption of honesty and integrity in those serving as

adjudicators. See Withrow v. Larkin, 421 U.S. 35, 47 (1975) (noting "a presumption of honesty and integrity in those serving as adjudicators.").

## V. CONCLUSION

WHEREFORE, Defendants respectfully submit that *Pro se* Plaintiff's Motion to Alter or Amend the Order on Motion to Dismiss should be denied.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

November 9, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 9th day of November 2006, the foregoing Defendants' Reply to Plaintiff's Motion to Alter or Amend the Order on Motion to Dismiss and accompanying proposed order were served upon Plaintiff, *Pro se*, by the Electronic Court Filing system, to the extent that he has access, and by mail, postage prepaid, addressed as follows:

Montgomery Blair Sibley
LAW OFFICE OF RODRIGUEZ & SIBLEY
1717 K. Street, N.W.
Suite 600
Washington, DC 20036-5346

                                                 _____/s/_____
                                                 OLIVER W. MCDANIEL, D.C. Bar No. 377-360
                                                 Assistant United States Attorney
                                                 Civil Division
                                                 555 4th Street, N.W.
                                                 Washington, D.C. 20530
                                                 (202) 616-0739