UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MONTGOMERY BLAIR SIBLEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-107 (RMC) |
| STEVEN BREYER, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Montgomery Blair Sibley brought suit against the Justices of the United States Supreme Court and three judges of the United States Court of Appeals for the Eleventh Circuit. He alleged that all of these jurists committed treason and violated his right to an impartial tribunal in an earlier civil case in which he sued the same Justices and judges. He sought $75,000 in damages, claiming that the jurists should have recused themselves in the earlier suit. Defendants moved to dismiss. In a Memorandum Opinion and Order dated October 11, 2006, the Court held that each of the Defendants was entitled to absolute judicial immunity, explaining

> It has long been the rule that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or wantonly." *Bradley v. Fisher*, 13 Wall. 335, 351 (1871). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotations omitted). The purpose of judicial immunity is to protect the public, "whose interest it is that the judges should be at liberty to exercise their functions

> with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because the Defendants had jurisdiction to resolve Mr. Sibley's earlier civil action, it is clear that they are entitled to absolute judicial immunity from suits challenging their participation in it. *See, e.g., Moore v. Burger*, 655 F.2d 1265 (D.C. Cir. 1981) (suit against four Supreme Court justices dismissed as frivolous based on judicial immunity, since the justices had jurisdiction over the subject matter before them).

Mem. Op. at 2-3 (filed Oct. 11, 2006) [Dkt. #17]. Thus, the Court granted the Defendants' motion to dismiss and denied all other pending motions as moot. *Id*. at 3. Mr. Sibley now has moved for reconsideration, claiming that 1) judicial immunity does not apply and 2) his motion for costs is not moot.

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

In claiming that judicial immunity does not apply, Mr. Sibley merely makes the same argument that he advanced earlier, that the Defendants were disqualified under 28 U.S.C. § 455 and that they improperly ignored federal statutes. As the Court explained in its October 11, 2006 Opinion, a judge is not "deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has

acted in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-57. Here, Defendants did not act in the clear absence of all jurisdiction, and Plaintiff's claims are barred by judicial immunity.

Further, Mr. Sibley's assertion that his motion for costs is not moot is baseless. Mootness arises "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). Upon the Court's determination that the Defendants were immune from suit, the motion for costs became moot. Moreover, Mr. Sibley seeks costs pursuant to Federal Rule of Civil Procedure 4(d)(2), requiring the imposition of costs on an individual, corporation, or association for failure to comply with a request for waiver. Rule 4(d)(2) does not apply to government agencies or their employees or officials. *Chapman v. New York State Div. for Youth*, 227 F.R.D. 175, 179 (N.D.N.Y. 2005) (citing Fed. R. Civ. P. 4 Advisory Committee Notes, 1993 Amendment).

In sum, because Mr. Sibley has failed to show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice, *Fox*, 389 F.3d at 1296, the motion for reconsideration is denied.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion for reconsideration [Dkt. # 19] is **DENIED**.

**SO ORDERED**.


Date:  November 14, 2006          _____/s/_____
                                  ROSEMARY M. COLLYER
                                  United States District Judge