UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MONTGOMERY BLAIR SIBLEY,

        PLAINTIFF,

vs.

STEVEN BREYER, RUTH BADER GINSBURG, ANTHONY KENNEDY, SANDRA DAY O'CONNOR, ANTONIN SCALIA, DAVID SOUTER, JOHN PAUL STEVENS, CLARENCE THOMAS, GERALD BARD TJOFLAT, JOEL F. DUBINA AND PHYLLIS A. KRAVITCH,

        DEFENDANTS.
_____/

CASE NO.:1:06-CV-107
JUDGE: ROSEMARY M. COLLYER

NOTICE OF APPEAL

PLEASE TAKE NOTICE that Plaintiff, MONTGOMERY BLAIR SIBLEY, by and through his undersigned counsel, hereby appeals to the United States Court of Appeals for the District of Columbia the Order Granting Motion to Dismiss entered in this action on 11th day of October, 2006, and the Order Denying Motion to Alter or Amend entered in this action on the 14th day of November, 2006, copies of which is attached hereto.

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the served pursuant to LcvR 5.4(d) upon Oliver W. McDaniel, Assistant United States Attorney, Civil Division, 555 Fourth Street, N.W., Washington, D.C. 20530 this December 7, 2006.

        MONTGOMERY BLAIR SIBLEY
        *In Proper Per*
        50 West Montgomery Avenue, Suite B-4
        Rockville, MD 20850-4216
        Voice/Fax:   (202) 478-0371

        By:   /s/ Montgomery Blair Sibley
            Montgomery Blair Sibley
            D.C. Bar #464488

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MONTGOMERY BLAIR SIBLEY,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-107 (RMC) |
| **STEVEN BREYER,** *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated in the Memorandum Opinion filed simultaneously with this Order, it is hereby

**ORDERED** that Defendants' motion to dismiss [Dkt. #2] is **GRANTED**; and it is

**FURTHER ORDERED** that all other pending motions are **DENIED** as moot; and it is

**FURTHER ORDERED** that this case is **DISMISSED**; accordingly, this case is closed.

This is a final appealable order. *See* Fed. R. App. P. 4(a).

**SO ORDERED.**


Date:   October 11, 2006    _____/s/_____
ROSEMARY M. COLLYER
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MONTGOMERY BLAIR SIBLEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-107 (RMC) |
| STEVEN BREYER, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

      Montgomery Blair Sibley sues the Justices of the United States Supreme Court and three judges of the United States Court of Appeals for the Eleventh Circuit. He alleges that all of these jurists committed treason and violated his right to an impartial tribunal in an earlier civil case, in which he sued the same Justices and judges. He alleges that they should have recused themselves and seeks $75,000 in damages. The complaint is without merit and will be dismissed.

**I. BACKGROUND FACTS**

      Mr. Sibley first filed suit in the United States District Court for the Southern District of Florida in 2004, claiming that the Justices and the Eleventh Circuit Court of Appeals violated his rights when they adjudicated prior civil actions he had instituted that concerned a domestic relations and child custody dispute. *See* Defs.' Ex. 1, *Sibley v. U.S. Supreme Court*, No. 04-21698 (S.D. Fla.) (Final Order of Dismissal Oct. 13, 2004). The district court dismissed the action in October 2004. *Id.* The Eleventh Circuit affirmed and the Supreme Court denied *certiorari*. Defs.' Exs. 2 & 3, *Sibley v. U.S. Supreme Court*, No. 04-15501, 136 Fed. Appx. 252 (11th Cir. June 10, 2005), *cert.*

*denied*, 126 S. Ct. 666 (2005).

Mr. Sibley filed this case on January 18, 2006. He alleges that the Defendants were obligated under 28 U.S.C. § 455 and the Ninth Amendment to recuse themselves because they were named defendants in the prior action. He also alleges that the failure to recuse constituted treason. Defendants have moved to dismiss.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether the plaintiff has properly stated a claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). A court may take judicial notice of public records from other proceedings. *Covad Comms. Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (permitting judicial notice of facts in public records of other proceedings).

## III. ANALYSIS

Each of the individuals named as a defendant is entitled to absolute judicial immunity. It has long been the rule that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or wantonly." *Bradley v. Fisher*, 13 Wall. 335, 351 (1871).

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotations omitted). The purpose of judicial immunity is to protect the public, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because the Defendants had jurisdiction to resolve Mr. Sibley's earlier civil action, it is clear that they are entitled to absolute judicial immunity from suits challenging their participation in it. *See, e.g., Moore v. Burger*, 655 F.2d 1265 (D.C. Cir. 1981) (suit against four Supreme Court justices dismissed as frivolous based on judicial immunity, since the justices had jurisdiction over the subject matter before them).

Since the doctrine of absolute judicial immunity represents an absolute bar to Mr. Sibley's claims, his complaint will be dismissed and all other pending motions denied as moot. Given this resolution, the Court does not need to address the Government's remaining arguments concerning the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, or insufficient service of process. A memorializing order accompanies this Memorandum Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: October 11, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MONTOMERY BLAIR SIBLEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-107 (RMC) |
| STEVEN BREYER, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Plaintiff Montgomery Blair Sibley brought suit against the Justices of the United States Supreme Court and three judges of the United States Court of Appeals for the Eleventh Circuit. He alleged that all of these jurists committed treason and violated his right to an impartial tribunal in an earlier civil case in which he sued the same Justices and judges. He sought $75,000 in damages, claiming that the jurists should have recused themselves in the earlier suit. Defendants moved to dismiss. In a Memorandum Opinion and Order dated October 11, 2006, the Court held that each of the Defendants was entitled to absolute judicial immunity, explaining

> It has long been the rule that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or wantonly." *Bradley v. Fisher*, 13 Wall. 335, 351 (1871). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotations omitted). The purpose of judicial immunity is to protect the public, "whose interest it is that the judges should be at liberty to exercise their functions

> with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because the Defendants had jurisdiction to resolve Mr. Sibley's earlier civil action, it is clear that they are entitled to absolute judicial immunity from suits challenging their participation in it. *See, e.g., Moore v. Burger*, 655 F.2d 1265 (D.C. Cir. 1981) (suit against four Supreme Court justices dismissed as frivolous based on judicial immunity, since the justices had jurisdiction over the subject matter before them).

Mem. Op. at 2-3 (filed Oct. 11, 2006) [Dkt. #17]. Thus, the Court granted the Defendants' motion to dismiss and denied all other pending motions as moot. *Id*. at 3. Mr. Sibley now has moved for reconsideration, claiming that 1) judicial immunity does not apply and 2) his motion for costs is not moot.

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

In claiming that judicial immunity does not apply, Mr. Sibley merely makes the same argument that he advanced earlier, that the Defendants were disqualified under 28 U.S.C. § 455 and that they improperly ignored federal statutes. As the Court explained in its October 11, 2006 Opinion, a judge is not "deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has

acted in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-57. Here, Defendants did not act in the clear absence of all jurisdiction, and Plaintiff's claims are barred by judicial immunity.

Further, Mr. Sibley's assertion that his motion for costs is not moot is baseless. Mootness arises "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). Upon the Court's determination that the Defendants were immune from suit, the motion for costs became moot. Moreover, Mr. Sibley seeks costs pursuant to Federal Rule of Civil Procedure 4(d)(2), requiring the imposition of costs on an individual, corporation, or association for failure to comply with a request for waiver. Rule 4(d)(2) does not apply to government agencies or their employees or officials. *Chapman v. New York State Div. for Youth*, 227 F.R.D. 175, 179 (N.D.N.Y. 2005) (citing Fed. R. Civ. P. 4 Advisory Committee Notes, 1993 Amendment).

In sum, because Mr. Sibley has failed to show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice, *Fox*, 389 F.3d at 1296, the motion for reconsideration is denied.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion for reconsideration [Dkt. # 19] is **DENIED**.

**SO ORDERED**.


Date:  November 14, 2006         _____/s/_____
                                 ROSEMARY M. COLLYER
                                 United States District Judge