# United States Court of Appeals
### For The District of Columbia Circuit

**No. 07-5009**  **September Term, 2006**

06cv00107

FILED
JUL 2 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Filed On: May 15, 2007 [1040801]

Montgomery Blair Sibley,
    Appellant

v.

Stephen G. Breyer, et al.,
    Appellees

**MANDATE**
Pursuant to the provisions of Fed. R. App.Pro.41(a)
ISSUED:
BY:
ATTACHED: ___ Amending Order
             ___ Opinion
             ___ Order on Costs

**BEFORE**: Ginsburg, Chief Judge, and Rogers and Kavanaugh, Circuit Judges

## ORDER

Upon consideration of motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court correctly determined that appellant's claims against the federal judges and Justices of the Supreme Court are barred by judicial immunity. See Mirales v. Waco, 502 U.S. 9, 10 (1991); Stump v. Sparkman, 435 U.S. 349 (1978). Judicial immunity extends to all judicial actions except those taken outside of official capacity or in the "clear absence of all jurisdiction," and "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . .'" Stump, 435 U.S. at 356-57 (citing Bradley v. Fisher, 13 Wall. 335, 351 (1872)).

Appellant's claim that the judges and Justices acted in the absence of jurisdiction upon not disqualifying themselves pursuant to 28 U.S.C. § 455 and the Ninth Amendment is insufficient to deprive the judges and Justices of immunity, as the decision whether to recuse is in itself a judicial act. See, e.g., Corliss v. O'Brien, 200 Fed. Appx. 80, 83 (3d Cir. 2006) ("[A] judge's decision not to recuse himself from a case in which he holds a personal interest is itself an exercise of judicial authority protected by the doctrine of absolute immunity."); Barrett v. Harrinton, 130 F.3d 246, 258 (6th Cir. 1997) (stating that "recusal is undoubtedly an act that concerns judicial decision-making"); Sato v. Plunkett, 154 F.R.D. 189, 191 (N.D. Ill. 1994) (holding the failure to recuse oneself is a judicial act and thus an error in deciding whether to recuse remains an exercise of judicial authority which may not lead to damages); Shepherdon v. Nigro, 5 F. Supp. 2d 305, 312 (E.D. Pa. 1998) ("Every court to address the question in a

A true copy:
United States Court of Appeals
for the District of Columbia Circuit
By: _____ Deputy Clerk

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5009**                                    **September Term, 2006**

reported opinion has readily concluded that a refusal or failure of a judge to recuse himself in a case which he otherwise has jurisdiction to adjudicate is clearly a judicial action for which he is entitled to absolute immunity from suit for damages."). Cf. Polaroid Corp. v. Eastman Kodak Co., 867 F.2d 1415, 1420 n.13 (Fed. Cir. 1989) (noting that "Congress did not intend that a violation of § 455 should in itself and automatically deprive the judge of jurisdiction"). As the complained-of acts were rulings the judges and Justices made in the adjudication of civil suits, and there is no indication they acted outside the scope of their respective jurisdictions, the district court correctly concluded that judicial immunity is applicable in this case and bars appellant's claims.

Furthermore, the district court did not abuse its discretion in denying appellant's motion for reconsideration of the dismissal of the case. See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Finally, the district court adequately explained its reasons for dismissing appellant's claims.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**